UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, INC.,<br><br>                       Plaintiff,<br><br>           v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>                       Defendant. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552** *et seq.*<br><br>Civil Action No. 1:20-cv-4284 |

      1.      This case challenges the policy of Defendant U.S. Citizenship and Immigration Services ("USCIS") of claiming, for purposes of the Freedom of Information Act ("FOIA"), that it has no records of the refugee resettlement applications that it adjudicates. USCIS's policy is unlawful under the FOIA and deprives refugees of the opportunity to review, and thus correct mistakes in, USCIS's records, including mistakes that might prevent them from finding safety in the United States. Plaintiff, a nonprofit organization that provides direct legal services to refugees, therefore brings suit.

      2.      USCIS is responsible for adjudicating the applications of people seeking to be admitted to the United States as refugees. Applicants submit information through a form devised and issued by USCIS. They present themselves to USCIS to provide fingerprints. They are interviewed by officers of USCIS's Refugee, Asylum, and International Operations Directorate. And when a USCIS refugee officer reaches a decision on whether an applicant is eligible to be resettled in the United States, USCIS issues a notice to the applicant on USCIS letterhead. Yet in answer to requests by Plaintiff the International Refugee Assistance Project ("IRAP") for

USCIS's records pertaining to IRAP clients whose applications USCIS has adjudicated unfavorably, USCIS routinely fails to produce any documents, claiming to have found none.

3. IRAP filed the FOIA request at issue in this case in connection with its advocacy for an Afghan client who is seeking protection from the Taliban. In November 2017, after IRAP's client submitted his refugee application to USCIS on USCIS Form I-590 and was interviewed by a USCIS refugee officer, USCIS decided that he was ineligible, on discretionary grounds, to be resettled in the United States. When notifying him of its decision, which it delivered on a checkbox form, USCIS invited him to request that USCIS review the decision; with the help of IRAP, he submitted such a request a few months later.

4. To better understand the reason for USCIS's decision and further advocate for this client as he works to find a safe home for himself and his family, IRAP also filed a FOIA request with USCIS, asking USCIS to make available its records pertaining to this client's refugee case. From IRAP's initial request, through follow-up communications, through IRAP's administrative appeal, USCIS—which adjudicated the refugee application at issue and continues to evaluate the request for review of its initial merits determination—has claimed to be unable to locate any responsive records.

5. In response to IRAP's FOIA request, USCIS refuses to search the database that it uses to manage and review records pertaining to refugee resettlement applications. Instead, it attempts to pass the buck, insisting that these records are "under the purview" of the U.S. Department of State which, for its part, has pointed back to USCIS.

6. Having exhausted its request administratively, IRAP now brings suit to require USCIS to produce the requested records in their entirety.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to the FOIA, 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331.

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402(a)(2), as Plaintiff IRAP's principal place of business is in the Southern District of New York.

## PARTIES

9. Plaintiff IRAP is a non-profit 501(c)(3) organization that uses media and policy advocacy, direct legal aid, and impact litigation to advance and defend the legal and human rights of refugees and other displaced people.

10. IRAP routinely files FOIA requests in support of its direct client advocacy, which includes representing individuals seeking safe haven in the United States through the U.S. Refugee Admissions Program.

11. Defendant USCIS is an agency within the U.S. Department of Homeland Security ("DHS").

12. USCIS plays a leading role in refugee resettlement: it determines what information an applicant for refugee resettlement must provide, interviews the applicant, evaluates applicant information and security check results, decides whether the applicant is eligible to be resettled in the United States as a refugee, and reviews its decisions anew in response to applicant requests.

## STATEMENT OF FACTS

<u>Refugee Case Processing</u>

13. The U.S. Refugee Admissions Program is administered jointly by DHS and the U.S. Department of State ("State Department").

14. While the State Department is involved with operations, DHS's component agency USCIS is solely responsible for adjudicating refugee applications, which it does through the Refugee, Asylum, and International Operations Directorate.

15. As a statutory matter, DHS is the agency with authority to admit refugees.

16. USCIS devises and issues Form I-590, Registration for Classification as a Refugee, which specifies the information USCIS requires to decide whether to approve a person for admission to the United States as a refugee.

17. All applicants must appear for an in-person interview with a USCIS refugee officer, who elicits information about eligibility for resettlement.

18. USCIS also collects applicant biometrics, including fingerprints, and conducts security screenings of applicants.

19. Based on the information USCIS gathers through the interview, the application form, and security screenings, USCIS applies the governing law and exercises its discretion to decide whether an applicant may be resettled in the United States as a refugee.

20. USCIS sends applicants notice of its decisions on their refugee applications.

21. That notice is on USCIS letterhead.

22. If USCIS denies the refugee application, USCIS informs the applicant that they may file a request with USCIS for USCIS to review its decision.

23. Upon any such review, USCIS may approve the application, ask the applicant to appear for another interview with USCIS or to submit additional information to USCIS, or leave its original denial undisturbed.

24. Throughout its adjudication of a refugee application, USCIS uses the Worldwide Refugee Admissions Processing System ("WRAPS") to manage the applicant case file and review applicant information.

25. WRAPS is an electronic case management and case adjudication system that is accessible to staff of USCIS, the State Department, and private contractors involved in aspects of the refugee program, including Resettlement Support Centers, which help the government process refugee applications.

26. WRAPS is maintained by the Refugee Processing Center, which is operated by a private government contractor.

27. The Refugee Processing Center maintains WRAPS for the benefit of USCIS and other agencies and partners that use the system.

28. WRAPS data include:

    a. documents and information demonstrating applicants' eligibility for consideration within the U.S. Refugee Admissions Program;

    b. documents and information submitted by applicants, which may include, among other things, applicant biodata, family trees, completed questionnaires, confidentiality notices, civil documents, medical documents, and case notes;

    c. documents and information pertaining to applicant security vetting, including results of inter- and intra-agency security checks;

      d.   documents and information generated by USCIS officers during case adjudication, including amended application forms, interview notes, and USCIS notices; and

      e.   documents and information relating to applicant requests for review.

29.    USCIS stores and retrieves WRAPS data using applicants' Alien Registration Numbers, which are issued by DHS.

30.    DHS has publicly committed USCIS to being accountable to refugee applicants for the accuracy of information in their refugee case files. *See* Privacy Impact Assessment for Refugee Case Processing and Security Vetting, DHS/USCIS/PIA-068, at 26-27 (July 21, 2017).

31.    DHS has advised publicly that access to records through the FOIA is the means through which refugee applicants can identify, and thus remedy, inaccuracies in their case files. *See id.*

Plaintiff's FOIA Requests to USCIS

32.    IRAP's client, a citizen of Afghanistan, has applied to be admitted to the United States as a refugee.

33.    In November 2017, USCIS notified him of its initial determination that he was ineligible to be resettled in the United States as a refugee. USCIS did not dispute that IRAP's client, who had shown that he was persecuted by the Taliban on account of his status as a humanitarian worker and imputed anti-Taliban political belief, is indeed a refugee under U.S. law. Rather, it issued a "discretionary denial" on a check box form, pointing to "[s]ecurity-related reasons" with no further explanation.

34.    At the time of the denial, USCIS invited IRAP's client to submit a request for review of its determination.

35. With IRAP's assistance, he submitted a request for review in February 2018.

36. The request for review remains pending.

37. On or around February 7, 2018, to better understand the reason for USCIS's decision and to further advocate on his behalf as he seeks a safe home for himself and his family, IRAP, as requestor, mailed a FOIA request to USCIS, seeking its client's refugee case file.

38. The request sought all documents and information pertaining to IRAP's client's refugee resettlement application as contained in records maintained by the Refugee Processing Center, including its client's full WRAPS file.

39. USCIS acknowledged receipt of the request by letter dated March 1, 2018 that reflected that USCIS had assigned the request control number NRC2018032725.

40. In the letter, USCIS asserted that it had searched two databases—its Central Index System and its Computer Linked Application Information Management System—and identified no records responsive to the request.

41. USCIS noted that if IRAP had reason to believe that responsive records existed and provided additional information, USCIS would conduct another search.

42. On or around April 9, 2018, IRAP submitted additional information, including the Notice of Ineligibility for Resettlement that USCIS issued to its client in November 2017.

43. IRAP reiterated its request that USCIS search WRAPS, and not just the Central Index System and Computer Linked Application Information Management System.

44. USCIS acknowledged receipt of IRAP's supplemental submission on May 1, 2018, assigning the control number NRC2018062619.

45. USCIS once again asserted that it had searched two databases—its Central Index System and its Computer Linked Application Information Management System—and identified no records responsive to the request.

46. USCIS again invited IRAP to provide additional information for another search.

47. On May 10, 2018, USCIS sua sponte acknowledged receipt of IRAP's supplemental submission a second time, assigning the control number NRC2018069159.

48. In this letter, USCIS asserted that the Alien Registration Number that IRAP provided for its client did not belong to him.

49. USCIS then noted for a third time that USCIS had searched its Central Index System and its Computer Linked Application Information Management System and identified no records responsive to the request, and again invited IRAP to submit additional information for another search.

50. On or around July 23, 2018, IRAP appealed USCIS's adverse determinations dated May 1, 2018 and May 10, 2018, explaining, among other things, that USCIS was obligated to search WRAPS as requested yet had offered no indication that it had done so.

51. In a letter dated July 26, 2018, USCIS granted IRAP's appeal and remanded the request to the National Records Center for a further search.

52. In a letter dated December 11, 2018, USCIS reported that it had completed a search of its Central Index System and Person Centric Query System and that no records responsive to IRAP's request were located.

53. USCIS advised that it "believe[d] the records [IRAP was] seeking would be under the purview of the U.S. Department of State."

USCIS's Failure to Search WRAPS

54. The State Department, for its part, has directed IRAP to USCIS.

55. In response to a February 2018 FOIA request by IRAP for its client's WRAPS file, the State Department directed IRAP to USCIS's FOIA Office; the State Department explained that "[s]ome or all of the records you seek appear to have been originated by [USCIS]."

56. The State Department itself has yet to produce any responsive documents.

57. WRAPS contains documents and information relating to the refugee resettlement application of IRAP's client.

58. USCIS has access to WRAPS.

59. USCIS maintained and reviewed records in WRAPS when initially adjudicating the refugee resettlement application of IRAP's client.

60. USCIS continues to maintain and review records in WRAPS as it evaluates IRAP's client's request for review of USCIS's ineligibility determination.

61. USCIS did not search WRAPS in response to IRAP's FOIA request.

62. USCIS does not, as a matter of policy, search WRAPS in response to FOIA requests directed to USCIS.

63. Because USCIS has refused to grant IRAP's FOIA request even on appeal, IRAP has exhausted its administrative remedies. *See* 6 C.F.R. § 5.8(a)(2).

**CLAIM FOR RELIEF**

64. Plaintiff has a legal right under the FOIA to obtain the specific records sought in the request, and Defendant's failure to promptly make the requested records available to Plaintiff has no legal basis.

65. Defendant's failure to conduct a reasonable search for the records responsive to the request and to promptly make them available violates the FOIA, 5 U.S.C. § 552(a)(3), and applicable regulations promulgated thereunder, 6 C.F.R. §§ 5.5–5.6.

66. On information and belief, Defendant has possession, custody, and control of the requested records.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Declare that Defendant violated the FOIA by unlawfully withholding the requested records;

2. Order Defendant to conduct a reasonable search for the requested records and to disclose them to Plaintiff in their entireties as soon as practicable;

3. Review any and all of Defendant's decisions to redact or withhold information in the requested records as exempt from disclosure;

4. Award Plaintiff's costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

5. Grant other such relief as the Court may deem just and proper.

Dated: June 5, 2020          Respectfully submitted,

                             S/ Kathryn S. Austin

                             Kathryn S. Austin
                             Mariko Hirose
                             International Refugee Assistance Project
                             One Battery Park Plaza, 4th Floor (IRAP)
                             New York, NY 10004
                             Tel: (516) 296-0688
                             kaustin@refugeerights.org
                             mhirose@refugeerights.org