
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2020

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

December 7, 2020

VIA ECF
The Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *Int'l Refugee Assistance Project, Inc. v. U.S. Citizenship and Immigration Services*, No. 20-cv-4284 (RWL)

Dear Judge Lehrburger:

This Office represents U.S. Citizenship and Immigration Services ("USCIS") in the above-referenced matter brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. We write respectfully to request an adjournment of the briefing schedule for cross-motions for summary judgment, and to propose that the parties provide a status update by January 8, 2021, as to how the parties intend to proceed.[1]

**The Basis for USCIS's Request**

USCIS makes this request due to facts newly discovered during the course of preparing its motion papers, currently due on December 9, 2020. As the Court is aware, Plaintiff International Refugee Assistance Project ("IRAP" or "Plaintiff") represents an individual seeking refugee admission to the United States, and IRAP seeks its client's refugee application file from a database called the Worldwide Refugee Admissions Processing System ("WRAPS"), which is a system owned and maintained by the United States Department of State ("DOS").[2] As set forth in the parties' August 24, 2020 joint letter, *see* Dkt. No. 18, USCIS believed that DOS had processed the entire WRAPS file and released all non-exempt portions of that file to IRAP, thus mooting IRAP's FOIA action against USCIS. *See Crooker v. United States Dep't of State*, 628 F.2d 9, 10 (D.C. Cir. 1980) (per curiam) ("The Freedom of Information Act does not require that the agency from which documents are requested must release copies of those documents when another agency possessing the same material has already done so."); *Williams & Connolly v. Sec. & Exch. Comm'n*, 662 F.3d

---

[1] USCIS has received two modest extensions of the summary judgment briefing schedule for reasons unrelated to the current request, specifically, the undersigned had numerous competing deadlines in other matters.

[2] In February 2018, Plaintiff submitted identical FOIA requests to DOS and USCIS seeking its client's WRAPS file. Although DOS maintains the WRAPS database, and Plaintiff had submitted a FOIA request to DOS seeking the identical records it seeks from USCIS, Plaintiff did not name DOS as a defendant in this litigation or administratively appeal DOS's response until November 20, 2020.

1240, 1243 (D.C. Cir. 2011) ("[A]n agency has no obligation to release documents to a requester when another agency has already given the same requester the same documents.").

During the course of USCIS's investigation in preparation of its motion papers, USCIS discovered on December 4, 2020 that DOS inadvertently did not process the entire WRAPS file, as certain records were missed apparently due to an error in transferring IRAP's client's WRAPS file between different offices within DOS for FOIA review and production. DOS has now identified the missed files, and is working to process and release those records as expeditiously as possible. Once DOS processes the remaining files and produces any non-exempt portions, USCIS believes that IRAP will have the entire WRAPS file it seeks in response to its FOIA request that is the subject of this litigation, but for any records that are protected by one or more FOIA exemptions.[3] It is USCIS's position that, upon completion of DOS's supplemental production, Plaintiff's FOIA action against USCIS will be moot and the Court will no longer have subject matter jurisdiction over this action. *See Crooker*, 628 F.2d at 10 (affirming that FOIA action was moot because "the State Department is not required to release documents that appellant has already received from the FBI"); *Williams & Connolly*, 662 F.3d at 1243-44 ("Because the Department of Justice already turned over to Williams & Connolly eleven sets of notes [that Williams & Connolly sought from the SEC], the controversy is moot with respect to those documents."). To the extent IRAP will not voluntarily dismiss this action once the remaining non-exempt records are released, USCIS intends to move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

IRAP will not be prejudiced by the requested one-month adjournment. The purpose of the adjournment is to provide IRAP with the very records it seeks in this litigation—a much faster and more efficient method than awaiting briefing and a ruling from this Court.[4] Additionally, IRAP cannot credibly claim prejudice from the modest delay, as it waited well over a year to bring this FOIA lawsuit after USCIS had finally denied its appeal administratively,[5] and IRAP did not pursue its FOIA request seeking the identical records from DOS, the agency that owns and maintains the relevant (WRAPS) database, until months after this litigation began. This request is not, as IRAP contends, a "last-minute request apparently in the hopes of mooting the case," but rather a good-faith effort by the government to provide a complete response to the FOIA request by the agency responsible for the database that maintains the requested records. The requested additional time will undoubtedly conserve the Court's and the parties' resources, as it may obviate the need for briefing or at least narrow the issues in dispute.

---

[3] IRAP did not appeal DOS's response to its FOIA request until November 20, 2020, and DOS's FOIA office and this Office did not become aware of the appeal until today. In its administrative appeal to DOS, IRAP challenged the completeness of the production and certain withholdings. IRAP's principal challenge—the completeness of the production—should be obviated by DOS's anticipated production.

[4] Separate from this FOIA litigation, IRAP's client had filed a Request for Review ("RFR") of the initial denial of his refugee application. USCIS has overturned the initial denial and issued IRAP's client a conditional approval for refugee resettlement, pending all necessary medical and security clearances and other required procedures. IRAP had sought the requested documents as part of its client's RFR.

[5] Plaintiff's appeal to USCIS was finally denied on March 13, 2019. IRAP did not file the instant lawsuit until June 5, 2020.

**IRAP's Position**

Plaintiff does not consent to Defendant's proposed adjournment of the summary judgment briefing schedule. Defendant makes this last-minute request apparently in the hopes of mooting this case at some unspecified time in the future, based on a legal theory that Plaintiff has contested since the parties jointly proposed the original briefing schedule in August. *See* Joint Letter dated Aug. 24, 2020, ECF No. 18, at 2. Among other things, Defendant has never suggested that the State Department will produce documents free of claims of exemptions, Plaintiff seeks Defendant's records, and this case involves a recurring issue for Plaintiff, which provides legal services to refugees: Defendant's refusal to make available under the FOIA its records of the refugee applications it is adjudicating. Plaintiff consented to Defendant's two previous requests to extend the briefing schedule on defense counsel's representations that she was seeking only modest modifications to accommodate her own conflicting obligations. Nothing prevents Defendant from seeking leave to file a supplemental brief should events after February 5, 2021, when Defendant is due to file its brief in opposition and reply, warrant it.

Plaintiff also does not consent to a change to the agreed-upon sequence of summary judgment motions, a sequence that is sensible given that there has, as yet, been no discovery and it is Defendant's burden to establish the reasonableness of its search and the validity of any claimed exemptions. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989); 5 U.S.C. § 552(a)(4)(B); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

\* \* \*

Accordingly, in the interest of judicial economy and conservation of resources, USCIS proposes that the parties update the Court by January 8, 2021. The additional time will give the parties an opportunity to determine if motion practice is necessary based on the changed circumstances. To the extent motion practice is still necessary, the additional time will permit the motions to be based on the full and current set of facts.

We thank the Court for its consideration.

    Respectfully submitted,

    AUDREY STRAUSS
    Acting United States Attorney for the
    Southern District of New York

By: */s/ Danielle J. Levine*
    DANIELLE J. LEVINE
    Assistant United States Attorney
    Tel.: (212) 637-2689
    E-mail: danielle.levine@usdoj.gov

cc:    Counsel of Record

Defendant's request is granted to the extent that the parties shall provide a status report to the Court as of January 8, 2020.

The summary judgment briefing scheduled will now be as follows:

USCIS's Motion for Summary Judgment: January 22, 2021

Plaintiff's Cross-Motion and Opposition Brief: March 3, 2021

USCIS's Opposition and Reply Brief: March 24, 2021

Plaintiff's Reply Brief: April 14, 2021

SO ORDERED:

12/8/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE