**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INTERNATIONAL REFUGEE ASSISTANCE PROJECT, INC.,

                Plaintiff,

-v-

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

                Defendant.

No. 20 Civ. 4284 (RWL)

**MEMORANDUM OF LAW IN SUPPORT OF**
**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES'**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.levine@usdoj.gov

DANIELLE J. LEVINE
Assistant United States Attorney
– Of Counsel –

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ...........................................................................................................................1

I.    BACKGROUND ON THE REFUGEE APPLICATION PROCESS AND RECORDS RELATING TO REFUGEE APPLICATIONS ...............................................1

II.    IRAP'S FOIA REQUEST ..................................................................................................4

III.    THE AGENCIES' RESPONSES TO IRAP'S FOIA REQUEST .....................................4

    A.    USCIS'S Response ..................................................................................4

    B.    DOS's Response .....................................................................................5

IV.    IRAP'S FOIA COMPLAINT ............................................................................................6

ARGUMENT .................................................................................................................................7

    A.    Legal Standard for a Rule 12(b)(1) Motion ................................................7

    A.    The Production of ▮▮▮ Records from the WRAPS Database Moots IRAP's Request for Such Records ..........................................................8

CONCLUSION ............................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**            **Page(s)**

*Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*,
   968 F.2d 196 (2d Cir. 1992) .................................................................................................. 8

*Crooker v. United States Dep't of State*,
   628 F.2d 9 (D.C. Cir. 1980) ............................................................................................ 10, 11

*Fox v. Bd. of Trs. of the State Univ. of New York*,
   42 F.3d 135 (2d Cir. 1994) ................................................................................................... 7

*Haji v. Bureau of Alcohol, Tobacco, Firearms and Explosives*,
   No. 03 Civ. 8479 (DC), 2004 WL 1783625 (Aug. 10, 2004) ............................................ 7, 9

*Harvey v. Lynch*,
   123 F. Supp. 3d 3 (D.D.C. 2015) ......................................................................................... 8

*Jett v. FBI*,
   139 F. Supp. 3d 352 (D.D.C. 2015) ................................................................................... 10

*Kennecott Utah Copper Corp. v. U.S. Dep't of the Interior*,
   88 F.3d 1191 (D.C. Cir. 1996) ........................................................................................... 11

*Luckett v. Bure*,
   290 F.3d 493 (2d Cir. 2002) ................................................................................................. 8

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ............................................................................................. 7, 8

*Mitchell v. Kemp*,
   No. 91 Civ. 2983 (RWS), 1992 WL 188355 (S.D.N.Y. July 27, 1992) .............................. 9

*Muset v. Ishimaru*,
   783 F. Supp. 2d 360 (E.D.N.Y. 2011) ................................................................................. 8

*New York City Employees' Retirement Sys. v. Dole Food Co.*,
   969 F.2d 1430 (2d Cir. 1992) ............................................................................................... 7

*New York Times v. FBI*,
   822 F. Supp. 2d 426 (S.D.N.Y. 2011) ............................................................................... 11

*Offor v. United States Equal Employment Opportunity Commission*,
   687 F. App'x 13 (2d Cir. 2017) ............................................................................................ 8

*Panjiva, Inc. v. United States Customs and Border Protection*,
   342 F. Supp. 3d 481 (S.D.N.Y. 2018) .................................................................................. 7

*Perry v. Block*,
    684 F.2d 121 (D.C. Cir. 1982) .................................................................................. 8

*Robinson v. Overseas Military Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994) ...................................................................................... 7

*Triestman v. United States Dep't of Justice*,
    878 F. Supp. 667 (S.D.N.Y. 1995) ......................................................................... 10

*United States Dep't of Justice v. Tax Analysts*,
    492 U.S. 136 (1989) ............................................................................................ 8, 11

*Williams & Connolly v. Sec. & Exch. Comm'n*,
    662 F.3d 1240 (D.C. Cir. 2011) ............................................................................. 10

**Statutes**

5 U.S.C. § 552 ............................................................................................................... 1

5 U.S.C. § 552(a)(4)(B) .......................................................................................... 8, 11

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .................................................................... 7

**Other Authorities**

77 Fed. Reg. 5865 (Feb. 6, 2012) ............................................................................ 2, 5

## PRELIMINARY STATEMENT

This action brought by Plaintiff International Refugee Assistance Project ("IRAP" or "Plaintiff") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, against United States Citizenship and Immigration Services ("USCIS") is moot because IRAP has received the records that it seeks in this lawsuit. IRAP submitted the same FOIA request to both USCIS and the United States Department of State ("DOS"), seeking its client's refugee application records maintained in the Worldwide Refugee Admissions Processing System, an electronic refugee resettlement case management system that is maintained and owned by DOS. DOS has now released all non-exempt portions of the records that IRAP seeks from both DOS and USCIS. Yet, despite having received the identical records from DOS that IRAP seeks from USCIS, IRAP continues to maintain this lawsuit, claiming that USCIS must produce those same records, too. FOIA, however, does not require two agencies to produce the identical records to the same requestor. Because IRAP has already received the identical records from DOS that IRAP seeks in this lawsuit, this action against USCIS is moot, and it should be dismissed.

## BACKGROUND

I.  **Background on the Refugee Application Process and Records Relating to Refugee Applications**

Individuals outside of the United States seeking admission as refugees pursuant to Section 207 of the Immigration and Nationality Act are processed through the United States Refugee Admissions Program ("USRAP"). *See* Declaration of Hilary E. Ingraham ("Ingraham Decl.") ¶ 3. DOS and USCIS, a component of the Department of Homeland Security, collaborate to manage USRAP. Ingraham Decl. ¶ 4. DOS has overall management responsibility for USRAP, in cooperation with USCIS and other governmental and non-governmental partners both overseas and in the United States. *Id.* Among other responsibilities, DOS, through its

Resettlement Support Centers ("RSCs") located around the world, is responsible for the administrative and processing functions of the USRAP, including the refugee resettlement case management system, information and data collection, and other administrative responsibilities related to the processing of refugee applicants. *Id.* USCIS is responsible for interviewing refugee applicants, reviewing background checks, and adjudicating refugee applications for resettlement. *Id.*

As part of its responsibilities, DOS owns and maintains the Worldwide Refugee Admissions Processing System ("WRAPS"), which is an electronic refugee resettlement case management system that facilitates the processing and tracking of refugee applicants as they move through the required refugee processing steps until arrival in the United States. Ingraham Decl. ¶ 5 (citing Department of State Privacy Impact Assessment – Worldwide Refugee Admissions Processing System, *available at* https://www.state.gov/wp-content/uploads/2020/06/Worldwide-Refugee-Admissions-Processing-System-WRAPS-PIA.pdf; System of Record Notice, State-59, Department of State Refugee Case Records, 77 Fed. Reg. 5865 (Feb. 6, 2012)). The Refugee Processing Center ("RPC"), operated by DOS, provides the technical and functional support for WRAPS. Ingraham Decl. ¶ 5. All records maintained by the RPC related to an applicant for USRAP refugee resettlement are electronically housed in WRAPS. *Id.* ¶ 5.

Throughout the refugee adjudication process and until the application is fully closed, DOS, through the RSCs, ensures all information about a refugee applicant's case is maintained in WRAPS. Ingraham Decl. ¶ 6. When a refugee is referred to USRAP, the responsible RSC, operated by DOS, creates a new case in WRAPS that includes information about the applicant that is collected either through documents or discussions with the applicant. *Id.* The RSC is also

2

responsible for collecting, manually entering, or scanning any information into the WRAPS as the case progresses or new information is obtained, including any records generated by a USCIS refugee officer during the refugee adjudication process, as well as any USCIS decisional documents. *Id.* Information contained in WRAPS includes the Form I-590 (*i.e.*, the refugee application) and supporting documentation, including biographic, biometric, medical, security, and sponsorship information, correspondence related to individual refugee applicant, including any Affidavits of Relationship submitted by relatives in the United States, and refugee case file information, including the USCIS refugee officer's interview notes, USCIS decisional documents, and case tracking information on the refugee's case. *Id.*

Once a case is either closed or the refugee arrives in the United States, a hard copy file concerning the applicant is transferred to the USCIS National Records Center ("NRC") for creation of an Alien file ("A-file").[1] Ingraham Decl. ¶ 7; Declaration of Terri White ("White Decl.") ¶ 7. If the application is denied and all reviews are exhausted, DOS transfers the physical case file to USCIS approximately 6 months after the processing of the case. Ingraham Decl. ¶ 7; White Decl. ¶ 7. If the application is approved, the applicant physically hand-carries the application records in a sealed envelope to the port of entry to the United States. Ingraham Decl. ¶ 7; White Decl. ¶ 7. Following its review by Customs and Border Protection and after processing, the file is transferred to the USCIS NRC for A-file creation. Ingraham Decl. ¶ 7; White Decl. ¶ 7. Once the records are transferred to the USCIS NRC, the NRC inputs the

---

[1] An A-File is a series of records maintained on an individual that document his or her history of interaction with USCIS, Customs and Border Protection, and Immigration and Customs Enforcement. White Decl. ¶ 7. That an individual has an A-number does not necessarily mean that an A-file has been created. *Id.* ¶ 8.

3

relevant information into USCIS's Central Index System ("CIS") and the Computer Linked Applications Information Management System ("CLAIMS"). White Decl. ¶ 7.

## II. IRAP's FOIA Request

In February 2018, IRAP submitted the same FOIA request to both USCIS and DOS on behalf of its client, ███████, seeking "all documents and information pertaining to the application of ███████ . . . for USRAP refugee resettlement as contained in the records of the Refugee Processing Center, including the full Worldwide Refugee Admissions Processing System (WRAPS) database file." White Decl. ¶ 5 (quoting Ex. A); Declaration of Eric F. Stein ("Stein Decl.") ¶ 5 (quoting Ex. A). As part of IRAP's FOIA request, it requested that both USCIS and DOS "search the WRAPS database" using various identifiers, including IRAP's client's A-number, name, and date of birth. White Decl. ¶ 5, Ex. A; Stein Decl., Ex. A.

## III. The Agencies' Responses to IRAP's FOIA Request

### A. USCIS'S Response

Shortly after receipt of IRAP's FOIA request, USCIS searched its CIS and CLAIMS databases. White Decl. ¶ 6. Even though a search of CIS and CLAIMS was not requested by IRAP, USCIS searched those databases in an effort to locate records relating to ███████ ███████ refugee application, in the event that ███████ refugee application records had been transferred from DOS to the USCIS NRC for input into CIS and CLAIMS following creation of an A-file. *Id.* ¶ 8. On March 1, 2018, USCIS notified IRAP that it had searched CIS and CLAIMS, but that it did not locate any records responsive to IRAP's request. *Id.* ¶ 9. USCIS further advised that if IRAP had reason to believe responsive records did exist, it should provide USCIS with further information and USCIS would conduct another search. *Id.* On April 9, 2018, IRAP requested that USCIS search WRAPS and not just CIS and CLAIMS. *Id.* ¶ 10. The NRC responded that it searched both CIS and CLAIMS again, and based on this search, it did not

locate any records responsive to IRAP's FOIA request. *Id.* The NRC did not search WRAPS because that database is owned and maintained by DOS. *Id.* ¶ 9 (citing Department of State Privacy Impact Assessment – Worldwide Refugee Admissions Processing System, *available at* https://www.state.gov/wp-content/uploads/2020/06/Worldwide-Refugee-Admissions-Processing-System-WRAPS-PIA.pdf; System of Record Notice, State-59, Department of State Refugee Case Records, 77 Fed. Reg. 5865 (Feb. 6, 2012), https://www.federalregister.gov/documents/2012/02/06/2012-2626/privacy-act-system-of-records-state-59-refugee-case-records).

On July 23, 2018, IRAP appealed the NRC's determinations, and asserted that the NRC was obligated to search WRAPS in response to the FOIA request. White Decl. ¶ 11. In response, on December 11, 2018, the NRC notified IRAP that it had completed its search, and that no records were located. *Id.* In that letter, USCIS advised IRAP that the records it sought were under the purview of DOS. *Id.* IRAP appealed the December 11, 2018 determination, again asserting that USCIS must search the WRAPS database in response to IRAP's FOIA request. *Id.* By letter dated March 13, 2019, USCIS affirmed the NRC's December 11, 2018 decision. *Id.*

### B.     DOS's Response

In a letter dated April 20, 2018, DOS sent IRAP a letter acknowledging receipt of its FOIA request dated February 7, 2018. Stein Decl. ¶ 6. On August 24, 2020, DOS responded to IRAP's FOIA request, and advised by letter that DOS's Bureau of Population, Refugees and Migration identified 6 records, totaling 46 pages, responsive to the request. *Id.* ¶ 7. This statement was an error; DOS identified 3 records, totaling 20 pages, responsive to Plaintiff's request, while the other three records were not responsive. *Id.* IRAP administratively appealed certain aspects of DOS's August 24, 2020 response by letter dated November 20, 2020, which DOS's Office of Information Programs and Services received on December 7, 2020. *Id.* ¶ 9.

5

As part of DOS's search for responsive records in response to IRAP's FOIA request, it searched the WRAPS case management system. Stein Decl. ¶ 8. At the time of the August 24, 2020 response, DOS believed that it had identified all documents within WRAPS pertaining to ▓▓▓▓ refugee application and released all responsive, non-exempt documents to IRAP. *Id.* On December 4, 2020, however, DOS determined that it had inadvertently not processed all documents potentially responsive to Plaintiff's FOIA request due to a technical issue in migrating documents to its review platform. *Id.* ¶ 10. After DOS discovered this error, it identified the missing files and processed those files as expeditiously as possible. *Id.* By letter dated January 13, 2021, DOS informed IRAP that it had had identified 55 records, totaling 263 pages, responsive to the request. *Id.* ¶ 11. DOS released 12 records in full and 43 records in part, withholding portions of records based upon certain of FOIA's enumerated exemptions. *Id.*

At this time, DOS has identified and released all documents responsive to IRAP's FOIA request, but for any portions of records that are protected by one or more FOIA exemptions. Stein Decl. ¶ 12. In other words, all records pertaining to ▓▓▓▓ that are maintained in WRAPS have been released in full or in part to IRAP. *Id.* The Refugee Processing Center—the entity whose records IRAP requested be searched—would not reasonably be expected to have records pertaining to ▓▓▓▓ that are not contained in WRAPS. *Id.*

IV.  **IRAP's FOIA Complaint**

On June 5, 2020—more than two years after it submitted the FOIA request to DOS and USCIS and more than a year after the denial of IRAP's final appeal to USCIS—IRAP filed the instant complaint, naming only USCIS as a defendant. The complaint asserts a single claim for relief: it alleges that USCIS violated FOIA by withholding the requested records in IRAP's February 2018 FOIA request, specifically, "all documents and information pertaining to IRAP's client's refugee resettlement application as contained in records maintained by the Refugee

6

Processing Center, including its client's full WRAPS file." Compl. ¶ 38; *see also id.* Prayer for Relief. Although IRAP makes vague, conclusory allegations concerning a purported USCIS "policy" of withholding such records, *see* Compl. ¶¶ 1, 62, IRAP does not assert a so-called "pattern and practice" claim or seek relief concerning such a claim in its Prayer for Relief. *See* Compl. ¶¶ 64-66; Prayer for Relief.[2] Rather, IRAP asserts only a standard FOIA claim, seeking release of the records sought in the FOIA request submitted to USCIS. While the complaint acknowledges that an identical FOIA request was also submitted to DOS, Complaint ¶¶ 54-56, IRAP does not name DOS as a defendant or seek any relief as to DOS.

## ARGUMENT

### A.   Legal Standard for a Rule 12(b)(1) Motion

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff carries the burden of establishing that the Court has subject matter jurisdiction. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). A claim must be dismissed when the Court lacks the statutory or constitutional authority to adjudicate it. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff must prove that subject matter jurisdiction exists by a preponderance of the evidence. *See id.* If a controversy "becomes moot, the federal courts "'lack[ ] subject matter jurisdiction over the action.'" *Fox v. Bd. of Trs. of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (quoting *New York City Employees' Retirement Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992)); *see also Haji v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, No. 03 Civ. 8479 (DC), 2004 WL 1783625, at *2

---

[2] Although the Court of Appeals for the District of Columbia and the Ninth Circuit have recognized such a claim, the Second Circuit has not yet done so. *See Panjiva, Inc. v. United States Customs and Border Protection*, 342 F. Supp. 3d 481, 495-96 (S.D.N.Y. 2018). IRAP, however, does not plead such a claim, even if such a claim were viable in this Circuit.

(Aug. 10, 2004) (Chin, J.) (dismissing FOIA action as moot pursuant to Federal Rule of Civil Procedure 12(b)(1)). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may refer to evidence outside the pleadings. *Makarova*, 201 F.3d at 113; *accord Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002). For purposes of assessing jurisdiction, the Court should not draw "argumentative inferences favorable to the party asserting jurisdiction." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).

Here, DOS has submitted a declaration establishing that DOS has produced all non-exempt records or portions of records from the WRAPS system that are responsive to IRAP's FOIA request it submitted to both DOS and USCIS. That production by DOS moots IRAP's FOIA claim against USCIS, and the Court should therefore dismiss IRAP's complaint for lack of subject matter jurisdiction.

    **A.    The Production of ▮▮▮▮ Records from the WRAPS Database Moots IRAP's Request for Such Records**

FOIA "only authorizes a court to 'enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld,' 5 U.S.C. § 552(a)(4)(B), [and] '[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.'" *Harvey v. Lynch*, 123 F. Supp. 3d 3, 7 (D.D.C. 2015) (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[O]nce all requested records are surrendered, federal courts have no further statutory function to perform.")); *see also Offor v. United States Equal Employment Opportunity Commission*, 687 F. App'x 13, 14 (2d Cir. 2017) ("Because [FOIA plaintiff] [] received her full case file from the EEOC, there is no judiciable controversy arising under federal law." (citing *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)); *Muset v. Ishimaru*, 783 F. Supp. 2d 360, 372 (E.D.N.Y. 2011) (plaintiff's "claim for relief under FOIA became moot

8

when he received the requested documents"); *Haji*, 2004 WL 1783625, at *3 ("[A]s the files requested by plaintiff no longer exist, if they existed at all, the instant action for production of documents under FOIA is moot, and is thereby subject to dismissal for lack of subject matter jurisdiction."); *Mitchell v. Kemp*, No. 91 Civ. 2983 (RWS), 1992 WL 188355 at *3 (S.D.N.Y. July 27, 1992), *aff'd*, 999 F.2d 536 (2d Cir. 1993) ("[I]t has been held by courts in this district that an action for production of documents under FOIA is moot, and thereby subject to dismissal for lack of subject matter jurisdiction, . . . where the requester has been provided with all known documents." (citations omitted)).

There is no genuine dispute that IRAP has now received the records it seeks in this litigation—████████ records maintained in the WRAPS case management system. IRAP submitted the same FOIA request to both DOS and USCIS, seeking "all documents and information pertaining to the application of ████████ . . . for USRAP refugee resettlement as contained in the records of the Refugee Processing Center, including the full Worldwide Refugee Admissions Processing System (WRAPS) database file." White Decl. ¶ 5; Stein Decl. ¶ 5; *see also* August 24, 2020 Joint Letter to Court, at 1 (Dkt. No. 18) ("Plaintiff claims that [USCIS] failed to conduct a reasonable search, principally because [USCIS] refused . . . to search the Worldwide Refugee Admissions Processing System ("WRAPS") database."); Compl. ¶¶ 38, 50, 57-62. As of January 13, 2021, DOS produced all responsive records maintained in WRAPS concerning ████, subject to withholdings based on various FOIA exemptions. Stein Decl. ¶¶ 11, 12.[3] Accordingly, because IRAP has received all of the requested

---

[3] That IRAP may challenge some or all of DOS's withholdings based on FOIA's enumerated exemptions does not render this lawsuit a live case or controversy. IRAP can challenge any of DOS's withholdings with DOS administratively, and, if IRAP and DOS cannot resolve any potential disagreements after administrative remedies are exhausted, IRAP can file a lawsuit

9

records, the relief it seeks in this lawsuit is moot. *See Crooker v. United States Dep't of State*, 628 F.2d 9, 10 (D.C. Cir. 1980) (per curiam).

That DOS was the agency that produced the records within WRAPS, and not USCIS, does not render this a live case or controversy. "The Freedom of Information Act does not require that the agency from which documents are requested must release copies of those documents when another agency possessing the same material has already done so." *Crooker*, 628 F.2d at 10 (affirming that FOIA action was moot because "the State Department is not required to release documents that appellant has already received from the FBI"); *see also Williams & Connolly v. Sec. & Exch. Comm'n*, 662 F.3d 1240, 1243 (D.C. Cir. 2011) ("[A]n agency has no obligation to release documents to a requester when another agency has already given the same requester the same documents."). FOIA "is not a discovery tool that requires agencies to produce every conceivable copy in the possession of every governmental custodian." *Jett v. FBI*, 139 F. Supp. 3d 352, 365 (D.D.C. 2015) (citing *Crooker*, 628 F.2d at 10-11) (denying plaintiff's request for an agency to produce multiple copies of identical documents). Rather, the "purpose of FOIA is satisfied when *an agency* produces the requested pages." *Id.* at 364 (emphasis added). "Once the documents are released to the requesting party, there no longer is any case or controversy." *Williams & Connolly*, 662 F.3d at 1243-44 ("Because the Department of Justice already turned over to Williams & Connolly eleven sets of notes [that Williams & Connolly sought from the SEC], the controversy is moot with respect to those documents."); *cf. Triestman v. United States Dep't of Justice*, 878 F. Supp. 667, 672 (S.D.N.Y. 1995) ("Information that is available to any generally interested party or concerned citizen is

---

against DOS to challenge those withholdings. IRAP cannot, however, challenge withholdings by DOS that it has not exhausted administratively in a lawsuit that does not include DOS.

information that is sufficiently available to relieve an agency of any duty to produce it under FOIA.").[4]

There is no question in this case that IRAP has received the requested records pertaining to ▮▮▮▮ maintained in WRAPS, and FOIA does not permit IRAP to obtain multiple copies of the identical documents from the same database from multiple agencies. Indeed, as the D.C. Circuit has observed, it would be "abusive and a dissipation of agency and court resources" to require a second agency to process the same records already produced by another agency. *Crooker*, 628 F.2d at 11. The purpose of FOIA is to provide access to agency records, subject to the enumerated statutory exceptions. *See id.* Here, that purpose has been met. Accordingly, because IRAP has obtained ▮▮▮▮ records maintained in WRAPS that it currently seeks from USCIS, the relief IRAP seeks in this lawsuit—a compelled search for and disclosure of ▮▮▮▮ records maintained in WRAPS—is moot. Accordingly, the Court should dismiss IRAP's complaint.

---

[4] IRAP's complaint in this case asserts only a single claim under FOIA, *see* Compl. ¶¶ 64-65, which seeks only prospective relief—*i.e.*, the production of requested documents. *See* 5 U.S.C. §552(a)(4)(B); *accord Kennecott Utah Copper Corp. v. U.S. Dep't of the Interior*, 88 F.3d 1191, 1203 (D.C. Cir. 1996) ("Providing documents to the individual fully relieves whatever informational injury may have been suffered by that particular complainant."). Despite having already received its client's records from WRAPS, IRAP persists in seeking a judicial finding that USCIS is also obligated to search WRAPS on the ground that records within WRAPS constitute USCIS agency records under the Supreme Court's decision in *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). But because IRAP has already received from DOS the records that it seeks from USCIS, any decision by this Court about whether WRAPS records are agency records of USCIS—given that the WRAPS database is owned and maintained by DOS—would be an advisory opinion in contravention of Article III's case or controversy requirement. *See New York Times v. FBI*, 822 F. Supp. 2d 426, 431 (S.D.N.Y. 2011) ("The Court would be unwise to issue a declaration that the initial withholding of the Assessment Statistics under Exemption 2 and Exemption 7(E) were in fact unlawful because such a declaration would be an advisory opinion which federal courts may not provide." (internal quotation marks and citation omitted)).

## CONCLUSION

For the reasons set forth above, the Court should dismiss this action for lack of subject matter jurisdiction.

Dated: January 22, 2021
     New York, New York

                              Respectfully submitted,

                              AUDREY STRAUSS
                              United States Attorney for the
                              Southern District of New York

By:   */s/ Danielle J. Levine*
       DANIELLE J. LEVINE
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel.: (212) 637-2689
       E-mail: danielle.levine@usdoj.gov