USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/2021

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

March 9, 2021

VIA ECF
The Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Int'l Refugee Assistance Project, Inc. v. USCIS*, No. 20-cv-4284 (RWL)

Dear Judge Lehrburger:

      This Office represents U.S. Citizenship and Immigration Services ("USCIS") in the above-referenced matter brought pursuant to the Freedom of Information Act ("FOIA"). We write respectfully to request a stay of USCIS's response to the International Refugee Assistance Project, Inc.'s ("IRAP's") cross-motion for summary judgment (Dkt. 40), pending a decision on USCIS's motion to dismiss for lack of jurisdiction (Dkt. 29). If the Court denies USCIS's request for a stay, USCIS respectfully requests a three-week extension of its time to respond to IRAP's cross-motion, from March 24, 2021, to April 14, 2021. IRAP does not consent to either request.[1]

      IRAP represents an individual seeking refugee admission to the United States. In February 2018, IRAP submitted identical FOIA requests to USCIS and the Department of State ("DOS") seeking its client's refugee application file from the Worldwide Refugee Admissions Processing System ("WRAPS"), an electronic refugee resettlement case management system that is maintained and owned by DOS. Although IRAP chose not to name DOS as a defendant in this case, DOS has released all non-exempt portions of the records that IRAP seeks from both DOS and USCIS. *See* USCIS Brief (Dkt. 30) ("USCIS Br.") at 1, 6, 8-11; IRAP Brief (Dkt. 41) ("IRAP Br.") at 10-11. Because IRAP has received the identical records from DOS that IRAP seeks from USCIS in this lawsuit, USCIS moved to dismiss IRAP's complaint as moot. *See* Dkts. 29, 30.

      In addition to opposing USCIS's motion to dismiss, IRAP filed a summary judgment motion seeking a declaration that WRAPS records are USCIS "agency records" pursuant to 5 U.S.C. § 552(a)(4)(B). *See* IRAP Br. at 13-18. In support of its motion, IRAP submitted three declarations and a Local Rule 56.1 statement totaling 97 numbered paragraphs. *See* Dkts. 42-45.

**<u>The Court Should Stay IRAP's Cross-Motion to Resolve the Jurisdictional Inquiry</u>**

      USCIS seeks a stay of IRAP's motion for summary judgment until after the Court resolves the threshold question whether it has jurisdiction to adjudicate this action. If the Court concludes

---

[1] IRAP's basis is as follows: "As to the first request, the Court already declined to adjourn summary judgment briefing. As to the second request, USCIS has been on notice of the current summary judgment briefing schedule, which was last extended on USCIS's motion and over IRAP's objection, since early December. [IRAP counsel has] also organized [her] schedule—including making specific childcare arrangements—around the existing schedule."

it lacks jurisdiction, the Court would not have the constitutional authority to reach IRAP's summary judgment motion, as it would be an advisory opinion in contravention of Article III. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning."); *Lehman v. Board of Elections in City of New York*, 232 F.3d 135, 141 n.6 ("[B]ecause the District Court had doubts about [plaintiff's] standing under Article III to pursue this action, it should have addressed this threshold question directly before proceeding to address the merits."). Because the bases for USCIS's motion are strong, and a stay would serve the interests of judicial economy and would not prejudice IRAP, the Court should stay briefing on IRAP's motion until the jurisdictional inquiry is resolved.

In IRAP's opposition brief, it asserts three primary arguments that this lawsuit is not moot: (1) the Court should not follow D.C. Circuit law, *see* IRAP Br. at 9-10; (2) DOS withheld records or portions of records based upon FOIA's exemptions, and IRAP wishes to challenge those withholdings, *see id.* at 10-11; and (3) "USCIS's practice of refusing to search WRAPS will continue to harm IRAP in the future," *see id.* at 11-12. USCIS will address IRAP's arguments more fully in its reply, but it addresses them briefly here to show the strength of USCIS's jurisdictional arguments in support of a stay.

First, as set forth in USCIS's opening brief, numerous courts within the D.C. Circuit— "something of a specialist" in adjudicating FOIA cases, *Brennan Ctr. for Justice at NYU v. U.S. Dep't of Justice*, 697 F.3d 184, 200 (2d Cir. 2012), have held that "[t]he Freedom of Information Act does not require that the agency from which documents are requested must release copies of those documents when another agency possessing the same material has already done so." *Crooker v. U.S. Dep't of State*, 628 F.2d 9, 10 (D.C. Cir. 1980); *see also Williams & Connolly v. Sec. & Exch. Comm'n*, 662 F.3d 1240, 1243 (D.C. Cir. 2011) ("[A]n agency has no obligation to release documents to a requester when another agency has already given the same requester the same documents."); *Competitive Enterprise Inst. v. Office of Science and Tech. Policy*, 241 F. Supp. 3d 14, 23 (D.D.C. 2017) ("FOIA does not require agencies to produce duplicate records."); *Leopold v. CIA*, 177 F. Supp. 3d 479, 490 (D.D.C. 2016) (An agency need not produce duplicate copies of identical pages because "the Government's obligations under FOIA are 'satisfied when an agency produces the requested pages.'" (quoting *Jett v. FBI*, 139 F. Supp. 3d 352, 364 (D.D.C. 2015))).

Second, having not named DOS as a defendant in this lawsuit, IRAP cannot litigate the withholdings of DOS, a nonparty, in this lawsuit. *See* USCIS Br. at 9 n.3. However, IRAP can appeal DOS's withholdings administratively and, if not satisfied, file a lawsuit against DOS seeking review of that agency's withholdings. What IRAP cannot do is force USCIS to defend DOS's withholdings in this case, having elected to name only USCIS and not DOS as a defendant.

Third, IRAP has not alleged a FOIA "pattern and practice" claim. *See* Compl. ¶¶ 64-66; Prayer for Relief. The only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS, which records have now been produced by DOS in response to IRAP's identical request to that agency. IRAP's "allegation of a single FOIA violation is insufficient as a matter of law to state a claim for relief based on a policy, pattern, or practice of violating FOIA." *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 231 (D.D.C. 2011). To allege a pattern and practice claim, IRAP would need to set forth "factually

specific allegations of multiple FOIA violations [that] are sufficiently detailed to state a pattern or practice claim." *Id.* at 230; *see also Scudder v. CIA*, 281 F. Supp. 3d 124, 128-130 (D.D.C. 2017). IRAP's vague, conclusory allegations of a USCIS practice fall far short of this standard.[2]

Nor can IRAP defeat mootness by arguing that their claim is capable of repetition yet evading review. This lawsuit is in this posture because IRAP submitted identical FOIA requests to two agencies for the same records and then elected to name only one of them as a defendant.

Responding to IRAP's summary judgment motion would involve an intense factual inquiry, requiring USCIS to respond to 97 assertions in IRAP's 56.1 Statement. This will require significant resources and likely multiple declarations from both USCIS and DOS—an expenditure of resources that is unnecessary if the Court determines that it lacks jurisdiction. Staying USCIS's response so that the Court can address the jurisdictional inquiry would save the parties and the Court considerable time and resources. *See Comp. Enterprise Inst.*, 241 F. Supp. 3d at 21 ("[T]his Court need not determine if the Woods Hole emails are agency records because the Government's arguments regarding duplicate records and its reasonable search are determinative.").

Further, a stay will not prejudice IRAP. IRAP has the requested records from DOS, and it may challenge DOS's withholdings administratively and, ultimately, seek judicial review of those withholdings in a suit against DOS. Indeed, even if the Court ultimately were to grant IRAP's motion and order USCIS to search WRAPS for responsive records, IRAP would not receive any additional records beyond what it already has received. Thus, any delay of adjudication on the merits will not prevent IRAP from receiving the records it seeks in this lawsuit, *i.e.*, the same records it already received from DOS.

### In the Alternative, USCIS Seeks an Extension of Time to Respond to IRAP's Cross-Motion

If the Court denies USCIS's request for a stay, USCIS seeks a three-week extension of time to oppose IRAP's motion for summary judgment. USCIS would file its reply on March 24, the current deadline. Responding to IRAP's summary judgment motion will require significant involvement of the agencies to respond to IRAP's numerous factual assertions. Further, over the next three weeks, I have numerous competing deadlines in other pending cases, including submission of pre-trial materials, written and deposition discovery obligations, and a mediation.

---

[2] In a footnote, IRAP erroneously contends that USCIS failed to inform IRAP in accordance with this Court's individual rules of USCIS's intent to move to dismiss. *See* IRAP Br. at 13 n.4. In fact, USCIS has contended from the outset that DOS's production of the records sought in IRAP's identical FOIA requests sent to both USCIS and DOS rendered this case moot. *See* Aug. 24 Letter (Dkt. 18) at 2. Further, upon learning that DOS had inadvertently not released all of the requested records maintained in WRAPS, on December 7, 2020, USCIS alerted the Court and IRAP that "once the remaining non-exempt records are released, USCIS intends to move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)." Dkt. 25 at 2. Despite being on notice, IRAP never sought to amend its complaint to include a pattern and practice claim or advised USCIS that it intended to seek leave to amend. Indeed, in opposing USCIS's motion for an extension of time to file its motion to dismiss, IRAP acknowledged that the mootness issue had been identified (and contested by IRAP) "since the parties jointly proposed the original briefing schedule in August." Dkt. 25 at 3. Thus, although USCIS regrettably did not include a statement in its notice of motion that IRAP declined an opportunity to amend, IRAP should not be permitted to benefit from that oversight, having known for months that USCIS intended to move to dismiss and declined to take any steps to (or even notify USCIS of its intent to) amend its complaint. In any event, to the extent IRAP now seeks to amend, IRAP should file a motion seeking that relief—which USCIS would oppose—rather than seek summary judgment on a claim that is not pled in the complaint.

We thank the Court for its consideration.

                                  Respectfully submitted,

                                  AUDREY STRAUSS
                                  United States Attorney for the
                                  Southern District of New York

By: */s/ Danielle J. Levine*
      DANIELLE J. LEVINE
      Assistant United States Attorney
      Tel.: (212) 637-2689
      E-mail: danielle.levine@usdoj.gov

cc:    Counsel of Record

Defendant's request for a stay with respect to the motion for summary judgment comes far too late and is denied. Defendant's request for an extension of time to file is granted in part and denied in part. Defendant's responsive papers shall be due April 7, 2021; Plaintiff's reply shall be due April 28, 2021.

SO ORDERED:

3/10/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE