IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| International Refugee Assistance Project, Inc., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 1:20-cv-4284 (RWL) |
| United States Citizenship and Immigration Services, | ) |
| Defendant. | ) |

**<u>SUPPLEMENTAL DECLARATION OF TERRI WHITE</u>**

I, TERRI WHITE, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury:

1. I submit this supplemental declaration in support of Defendant United States Citizenship and Immigration Services' ("USCIS") motion to dismiss and opposition to Plaintiff International Refugee Assistance Project's ("IRAP") motion for summary judgment in the above-captioned action. This declaration supplements my January 22, 2021 declaration made in this matter. My January 22, 2021 declaration provided background information. I incorporate that declaration, by reference, here. Through the exercise of my official duties as Acting Associate Center Director, I am personally familiar with USCIS's standard process for responding to FOIA requests, including search procedures for locating agency records. More specifically, I am personally familiar with USCIS's procedures and actions taken in response to the FOIA request at issue, submitted by an attorney from IRAP. The statements contained in this declaration are based on my personal knowledge, my review of relevant documents kept by USCIS in the ordinary course of business, and information provided to me by other USCIS employees in the course of my official duties.

2. I understand that the Department of State ("State") received a FOIA request seeking the same records from the Worldwide Refugee Admissions Processing System ("WRAPS") regarding IRAP's client[1] that USCIS received. As explained in my earlier declaration, because USCIS is the custodian of A-Files, we searched USCIS databases for A-Files records. Because State is the custodian of WRAPS, I understand that it searched WRAPS. In State's processing of IRAP's FOIA request seeking J.D.'s records maintained in WRAPS, State identified records that originated with or were generated by USCIS. State consulted with USCIS with regard to the application of FOIA exemptions to the records

---

[1] To preserve the confidentiality of IRAP's client, I refer to IRAP's client as John Doe, or "J.D."

and coordinated the redactions to those records. My understanding is that State released those records to IRAP.

3. If the Court were to order USCIS to conduct a search of WRAPS in response to IRAP's FOIA request, IRAP would receive the same records that it has already received. USCIS would have no records other than what State already retrieved from its database, WRAPS.

4. With respect to those records that were generated by or originated from USCIS and are maintained in WRAPS, State already consulted with USCIS concerning those records and they have already been processed in the manner that USCIS would process them. Thus, if USCIS were ordered to search WRAPS in response to IRAP's FOIA request, it would re-process USCIS-generated records in the identical way they have already been processed.

5. With respect to the remainder of IRAP's FOIA request in this case, USCIS would refer it to State under DHS's FOIA regulations, which authorize DHS components, including USCIS, to refer requests, or portions of requests, to the agency that created or initially acquired the records. *See* 6 C.F.R. §5.4(d). Because State created or acquired and currently maintains the remainder of the WRAPS records responsive to IRAP's FOIA request, USCIS would refer the remaining portion of IRAP's FOIA request to State. *See id.*

6. To determine the number of FOIA requests submitted by IRAP, USCIS would need to know either the control number assigned to the request or the name of individual within IRAP who submitted the FOIA request, as that individual is the requestor. For example, in this instance, Stephen Poellot, an attorney with IRAP, submitted the FOIA request on behalf of J.D. Without the names of the requestors within IRAP or its pro bono partners who submitted FOIA requests to USCIS, USCIS cannot determine how many FOIA requests IRAP or its pro bono partners have submitted.

7. Based on information provided to me by the USCIS National Records Center Immigration Information Integrity Branch (IIIB), it is my understanding that, on occasion, foreign governments request certain information from USCIS outside the FOIA process. Depending on the requested information, I have been informed that a USCIS IIIB analyst may consult the individual's A-File, as well as other USCIS/ DHS systems and State's WRAPS, to create a consolidated response for the foreign partner. As part of this response, and to the extent relevant to the request and to the extent not available from another USCIS or DHS system, the USCIS IIIB analyst may consult WRAPS and produce the Form I-590, Decision Letter and USCIS Worksheet interview notes from WRAPS. It is my understanding based on information provided to me that USCIS does not provide all records maintained in WRAPS to foreign governments.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Kansas City, Missouri, on this 7th day of April 2021.

*Terri White*
_____
Terri White
Acting Associate Center Director
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center