**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INTERNATIONAL REFUGEE ASSISTANCE
PROJECT, INC.,

                             Plaintiff,

                v.                                          Case No. 1:20-cv-04284-RWL

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                             Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, United States

Citizenship and Immigration Services ("Defendant" or "USCIS") respectfully submit this response

to Plaintiff International Refugee Assistance Project's ("IRAP's" or "Plaintiff's") Local Rule 56.1

Statement of Undisputed Facts ("56.1 Statement").

Plaintiff's 56.1 Statement is unnecessary in this litigation brought under the Freedom of

Information Act ("FOIA") because the general practice in this Circuit is not to require the

Government to submit a Rule 56.1 Statement or Counterstatement in a FOIA case because

summary judgment is ordinarily appropriate based upon agency declarations. *See Gonzalez v.*

*USCIS*, 475 F. Supp. 3d 334, 341 (S.D.N.Y. 2020) (noting "the general rule in this Circuit").

Even if a Local Rule 56.1 Statement were appropriate, Plaintiff's Statement does not

comply with Local Rule 56.1. Plaintiffs' Statement is not a "short and concise statement . . . of

material facts," Local Civ. R. 56.1(a), nor are each of the asserted "facts" "followed by citation to

evidence which would be admissible." The 56.1 Statement is replete with statements that are not

material to the questions presented, as well as inadmissible legal conclusions, unauthenticated

hearsay statements, and other unsupported or non-factual allegations. *See* Local Civ. R. 56.1(d). Further, a "plaintiff must adduce admissible evidence in the record to support the factual assertions contained in the Rule 56.1 Statement, as a defendant 'is not required to rebut an insufficient showing.'" *NAACP Legal Def. and Educ. Fund, Inc. v. Dep't of Hous. and Urban Dev.*, No. 07 Civ. 3378, 2007 WL 4233008, at *1 n. 1 (S.D.N.Y. Nov. 30, 2007) (quoting *Giannullo v. City of New York*, 322 F.3d 139, 140-41 (2d Cir. 2003)). IRAP's 56.1 Statement asserts numerous purported facts without admissible evidentiary support.

For all these reasons, the Court should disregard the 56.1 Statement. *See, e.g., All. Sec. Prod., Inc. v. Fleming Co.*, 471 F. Supp. 2d 452, 454 (S.D.N.Y. 2007), *aff'd sub nom. All. Sec. Prod., Inc. v. Fleming & Co.*, 290 F. App'x 380 (2d Cir. 2008).

Subject to the foregoing objections, and in an abundance of caution, Defendant's responses to the numbered statements in Plaintiff's 56.1 Statement follow in correspondingly numbered paragraphs.

1.      U.S. Citizenship and Immigration Services ("USCIS"), a component agency of the U.S. Department of Homeland Security, is responsible for deciding applications for refugee status. *See* 8 U.S.C. § 1157(c)(1); 6 U.S.C. § 271; 6 U.S.C. § 557; Ex. 1, U.S. Dep't of Homeland Sec., Privacy Impact Assessment for the Refugee Case Processing and Security Vetting, DHS/USCIS/PIA-068 (July 21, 2017) ("Refugee Case Processing PIA"), at 1.

**Response**: The statement in paragraph 1 is immaterial because USCIS's responsibility for determining applications for refugee status has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to IRAP's client[1] for purposes of FOIA

---

[1] To preserve the confidentiality of IRAP's client, USCIS refers to IRAP's client as "J.D."

after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, the statement in paragraph 1 is undisputed for purposes of this motion.

2.      USCIS is solely responsible for deciding whether a person meets the definition of a refugee and thus is eligible to resettle in the United States. *See* 8 U.S.C. § 1157(c)(1); 6 U.S.C. § 271; 6 U.S.C. § 557.

**Response**: The statement in paragraph 2 is immaterial because USCIS's responsibility for determining whether a person meets the definition of a refugee has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, Defendant denies that USCIS is "solely" responsible. The Department of State's Bureau of Population, Refugees, and Migration ("PRM") determines if the refugee applicant meets basic program access requirements. If a refugee applicant meets program access requirements, USCIS adjudicates whether a refugee applicant should be permitted to resettle in the United States as a discretionary matter. This adjudication process includes determining whether the applicant meets the legal requirements for admission as a refugee for resettlement, assessing whether there are any ineligibilities, and reviewing the security checks. Supplemental Declaration of Hilary E. Ingraham ("Supp. Ingraham Decl.") ¶ 6.

3.      USCIS is solely responsible for deciding whether an eligible refugee should be permitted to resettle in the United States as a discretionary matter. *See* 8 U.S.C. § 1157(c)(1); 6 U.S.C. § 271; 6 U.S.C. § 557.

**Response**: The statement in paragraph 3 is immaterial because USCIS's responsibility for determining whether an eligible refugee should be permitted to resettle in the United States as a discretionary matter has no bearing on whether USCIS should be required to process the records

maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, Defendant denies that USCIS is "solely" responsible. DOS's PRM determines if the refugee applicant meets basic program access requirements. If a refugee applicant meets program access requirements, USCIS adjudicates whether a refugee applicant should be permitted to resettle in the United States as a discretionary matter. This adjudication process includes determining whether the applicant meets the legal requirements for admission as a refugee for resettlement, assessing whether there are any ineligibilities, and reviewing the security checks. Supp. Ingraham Decl. ¶ 6.

4.     USCIS is solely responsible for setting refugee application procedures. *See* 8 U.S.C. § 1157(c)(1); 6 U.S.C. § 271; 6 U.S.C. § 557; 8 C.F.R. § 207.1 *et seq*.

**Response**: The statement in paragraph 4 is immaterial because USCIS's responsibility for application procedures has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, Defendant denies that USCIS is "solely" responsible for setting refugee application procedures. DOS sets certain refugee application procedures. Supp. Ingraham Decl. ¶ 7.

5.     USCIS decides what documents and information a person must submit with their refugee application. *See infra* ¶¶ 6-8.

**Response**: The statement in paragraph 5 is immaterial because USCIS's role in determining what documents and information a person must submit with their refugee application has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP, including any records described in paragraph 5 submitted as part of

4

J.D.'s refugee application. Further, the statement in paragraph 5 does not cite to evidence which would be admissible, as it simply refers to subsequent assertions of fact and does not identify any admissible evidence upon which it relies. Moreover, the assertions in paragraphs 6-8 do not support the assertion in paragraph 5. Because USCIS "is not required to rebut an insufficient showing," *NAACP Legal Def. and Educ. Fund, Inc.*, 2007 WL 4233008, at *1 n.1 (quotation omitted), it is not required to respond to the statement in paragraph 5.

6.      USCIS requires any person seeking to resettle in the United States to submit an application using USCIS Form I-590 along with supporting documentation. *See* 8 C.F.R. § 207.1(a); Ex. 5, USCIS Form I-590 ("Form I-590").

**Response**: The statement in paragraph 6 is immaterial because USCIS's role in determining what documents and information a person must submit with to resettle in the United States has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, the statement in paragraph 6 is undisputed for the purposes of this motion.

7.      USCIS requires applicants to provide biometric data, including fingerprints, photographs, and signatures for security and background checks. *See* 8 C.F.R. § 207.1(a); Ex. 5, Form I-590, at 15.

**Response**: The statement in paragraph 7 is immaterial because USCIS's role in determining what biometric data is required has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, the statement in paragraph 7 is undisputed for the purposes of this motion, except that

USCIS notes that "WRAPS does not store any fingerprint, iris, or facial recognition biometrics." *See* Declaration of Sara Gomez ("Gomez Decl.") (Dkt. No. 42), Ex. 3, DOS WRAPS PIA, at 2.

8.      USCIS requires all applicants ages 14 years or older to sit for an interview with a USCIS officer. *See* 8 C.F.R. § 207.2(a).

**Response**: The statement in paragraph 8 is immaterial because USCIS's requirement that applicants ages 14 or older sit for an interview with a USCIS refugee officer has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, the statement in paragraph 8 is undisputed for the purposes of this motion.

9.      USCIS uses all the information collected about an applicant to make refugee application decisions. *See* 8 U.S.C. § 1157(c)(1); Ex. 1, Refugee Case Processing PIA, at 17-18 (forms vetted "to ensure that only the minimum amount of information is collected to determine benefit eligibility"); Ex. 3, WRAPS PIA, at 9-10 ("This information [in WRAPS] is used by the Department of Homeland Security, United States Citizenship and Immigration Services (DHS/USCIS) to make a [refugee] status determination . . . .").

**Response**: The statement in paragraph 9 is immaterial because USCIS's use of information adjudicating refugee applications has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, Defendant disputes that USCIS uses "all information" collected about an applicant to make refugee application decisions. DOS/PRM also generates information and documents that are integral to the USRAP and maintained in a refugee's file in WRAPS that do not have relevance to

USCIS's adjudication process and USCIS would not typically access for use during the course of adjudicating a refugee application. Supp. Ingraham Decl. ¶ 12; Declaration of Joanna Ruppel ("Ruppel Decl.") ¶ 5.

10.     By regulation and policy, USCIS guarantees that it will maintain the confidentiality of information submitted by and pertaining to a refugee applicant. *See* 8 C.F.R. § 208.6(a); Ex. 1, Refugee Case Processing PIA, at 19-20.

**Response**: The statement in paragraph 10 is immaterial because USCIS's confidentiality procedures have no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Further, the cited regulation pertains to asylum processing, but USCIS applies that regulation to refugee processing as a matter of long-standing policy. Subject to these objections, USCIS does not dispute that it adheres to the confidentiality procedures set forth in the cited regulation as a matter of long-standing policy, and that USCIS maintains the confidentiality of refugee information that USCIS receives or reviews. Ruppel Decl. ¶ 4. USCIS notes that not all information contained in WRAPS pertaining to an applicant is used or required by USCIS in adjudicating a refugee application. Supp. Ingraham Decl. ¶ 12; Ruppel Decl. ¶ 5.

11.     Though USCIS officers create records explaining their reasoning in more detail, USCIS issues refugee application denial decisions to applicants on a checkbox form. *See* Ex. 6, Notice of Ineligibility for Resettlement; Ex. 7, USCIS Refugee Affairs Division, Digital Approval Process Standard Operating Procedure ("Digital Approval SOP"), at 14-19; Declaration of Hilary E. Ingraham ("Ingraham Decl.") ¶ 6, ECF No. 31.

**Response**: The statement in paragraph 11 is immaterial because it has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP, including those records described in paragraph 11 pertaining to J.D. Further, the cited evidence, including the cited paragraph from the Ingraham Declaration, does not support the assertion made in paragraph 11. Subject to these objections, Defendant denies that the statement in paragraph 11 accurately characterizes any records generated by USCIS in the course of the adjudication of a refugee applicant. As part of the adjudication process, a USCIS refugee officer creates work product, such as notes from the interview of the refugee applicant. A denied refugee applicant receives a standardized notice of ineligibility that outlines the reasons for denial. *See* Gomez Decl., Ex. 6, Notice of Ineligibility for Resettlement. On that notice, the refugee officer marks the appropriate reasons for denial, which are described in general terms. Ruppel Decl. ¶¶ 4, 6.

12.     USCIS does not afford applicants discovery or any other means of obtaining more detailed information from USCIS through the application process. *See* 8 C.F.R. § 207.1 *et seq.*

**Response**: The statement in paragraph 12 is immaterial because it has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Further, the cited regulation does not support the assertion set forth in paragraph 12. Subject to these objections, USCIS disputes the statement in paragraph 12 because "[a]n individual may seek access to his or her USCIS records by filing a Privacy Act or Freedom of Information (FOIA) request. Only U.S. citizens and lawful permanent residents may file a Privacy

Act request. Any person, regardless of immigration status, may file a FOIA request." *See* Gomez Decl., Ex. 1, Refugee Case Processing PIA, at 26.

13.     There is no formal appeals process for denials of applications for refugee resettlement. *See* 8 C.F.R. § 207.4.

**Response**: The statement in paragraph 13 is immaterial because it has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, the statement in paragraph 13 is undisputed for purposes of this motion.

14.     Unsuccessful refugee applicants may seek discretionary review by USCIS of negative decisions according to a process prescribed by USCIS. *See* USCIS, Request for Review Tip Sheet ("Request for Review Tip Sheet"), https://www.uscis.gov/humanitarian/refugees-and-asylum/refugees/request-for-review-tip-sheet (last visited Mar. 3, 2021).

**Response**: The statement in paragraph 14 is immaterial because it has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, the statement in paragraph 14 is undisputed for the purposes of this motion to the extent it applies to applicants seeking classification as a refugee.

15.     USCIS requires any request for review to be submitted within 90 days after an application is denied. *See* Request for Review Tip Sheet; Ex. 6, Notice of Ineligibility for Resettlement, at 3.

**Response**: The statement in paragraph 15 is immaterial because it has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP

for purposes of FOIA after DOS has already released all records maintained in WRAPS pertaining to J.D. to IRAP. Subject to this objection, the statement in paragraph 15 is disputed in part because USCIS has discretion to accept late filings. Ruppel Decl. ¶ 7.

16.     USCIS relies on several partners to help it process refugee applications. *See infra* ¶¶ 17-20.

**Response**: The statement in paragraph 16 is immaterial because it has no bearing on whether USCIS should be required to process the records maintained in WRAPS pertaining to J.D. to IRAP for purposes of FOIA after DOS has already released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP. Further the statement in paragraph 16 does not cite to evidence which would be admissible, as it simply references subsequent assertions of fact and does not identify any admissible evidence upon which it relies. Subject to these objections, the statement in paragraph 16 is disputed. The U.S. Refugee Admissions Program ("USRAP") processes applicants for refugee resettlement in the United States under Section 207 of the Immigration and Nationality Act and is managed by DOS's PRM. One of PRM's major partners in the USRAP is the Department of Homeland Security ("DHS"), including, but not limited to, USCIS. USCIS has responsibility for interviewing applicants and adjudicating the application for refugee resettlement. Supp. Ingraham Decl. ¶ 4; Ingraham Decl. ¶ 4; Ruppel Decl. ¶ 3.

17.     Entities like the U.N. High Commissioner for Refugees and certain nongovernmental organizations screen and refer prospective applicants. *See* Ex. 3, WRAPS PIA, at 5.

**Response**: The statement in paragraph 17 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already released all non-exempt records maintained in WRAPS

pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 17 is undisputed for purposes of this motion, except to clarify that the United Nations, U.S. embassies, and nongovernmental organizations screen and refer prospective "Priority 1" applicants. Priority 2 and Priority 3 applicants are screened and referred through different processes. Supp. Ingraham Decl. ¶ 5.

18.     Resettlement Support Centers located overseas and operated by nongovernmental organizations, international organizations, or U.S. embassy contractors carry out administrative and processing functions, including file preparation and data collection. *See* Ex. 1, Refugee Case Processing PIA, at 4; U.S. Dep't of State, Application and Case Processing, https://www.state.gov /refugee-admissions/application-and-case-processing/ (last visited Mar. 3, 2021).

**Response**: The statement in paragraph 18 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 18 is disputed in part. RSCs are fully funded by DOS/PRM through annual funding agreements. DOS/PRM maintains oversight of RSC activities, directs the RSC's priorities and processing procedures, and ensures their adherence to USRAP policy (where applicable). Supp. Ingraham Decl. ¶ 7.

19.     Agencies including the Federal Bureau of Investigation and the State Department supply information for background checks. *See* Ex. 1, Refugee Case Processing PIA, at 6-9.

**Response**: The statement in paragraph 19 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already released all non-exempt records maintained in WRAPS

pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 19 is undisputed for purposes of this motion.

20.     Once a refugee is approved to resettle in the United States, the State Department coordinates their reception and placement within the United States. *See* 8 U.S.C. § 1522(b).

**Response**: The statement in paragraph 20 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 20 is undisputed for purposes of this motion.

21.     Electronic refugee case files are maintained at the Refugee Processing Center. *See* Ex. 1, Refugee Case Processing PIA, at 2-3 & n.4.

**Response**: The statement in paragraph 21 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 21 is undisputed for the purposes of this motion, except to clarify that the Refugee Processing Center ("RPC"), which is part of and operated by the DOS/PRM, provides the technical and functional support for WRAPS, as well as the security requirements of and access to the WRAPS application. Supp. Ingraham Decl. ¶ 8.

22.     The Refugee Processing Center is the central data repository of all overseas and domestic refugee resettlement operations. *See* Ex. 1, Refugee Case Processing PIA, at 2 n.4.

**Response**: The statement in paragraph 22 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process the records maintained in WRAPS pertaining to

J.D. to IRAP after DOS has already released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 22 is disputed. The RPC, which is part of and operated by the DOS/PRM, maintains the electronic refugee resettlement case management system that facilitates the processing and tracking of refugee applicants as they move through the required refugee processing steps until arrival in the United States. Supp. Ingraham Decl. ¶ 8.

23.     The Refugee Processing Center is operated by Development Infostructure, Inc. (also known as "Devis"), a private company under contract with the State Department. *See* Ex. 1, Refugee Case Processing PIA, at 2 n.4 (the "RPC [is] operated by DOS contractors"); *Devis Posts a Strong Final 2017 Quarter*, Business Wire (Mar. 5, 2018, 3:50 PM), https://bwnews.pr/3aUS2UE.

**Response**: The statement in paragraph 23 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement in paragraph 23 is not supported by admissible evidence. Subject to these objections, the statement in paragraph 23 is disputed. DOS/PRM has overall responsibility for the RPC. PRM's RPC is managed by PRM federal employees, including a Director and Deputy Director. DOS's RPC oversees a team that consists primarily of contractors who provide IT support to WRAPS and perform limited case processing functions. Most RPC contractors are provided by Development Infostructure, Inc. (also known as "Devis") or companies subcontracted by Devis. Supp. Ingraham Decl. ¶¶ 8-10.

24.     The Refugee Processing Center, through Devis, maintains refugee case files using an IT system called the Worldwide Refugee Admissions Processing System ("WRAPS"). *See* Ex. 1, Refugee Case Processing PIA, at 2-3 & n.4.

**Response**: The statement in paragraph 24 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 24 is disputed in part. PRM's RPC is managed by PRM federal employees, including a Director and Deputy Director. DOS's RPC oversees a team that consists primarily of contractors who provide IT support to WRAPS and perform limited case processing functions. Most RPC contractors are provided by Devis or companies subcontracted by Devis. Supp. Ingraham Decl. ¶¶ 8-10.

25.     Devis maintains information in WRAPS for the benefit of USCIS. *See* Ex. 3, WRAPS PIA, at 9 ("WRAPS stores the information currently being collected in order to ensure DHS/USCIS has the requisite information to adjudicate a refugee claim . . . ."); *see also infra* ¶ 26.

**Response**: The statement in paragraph 25 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 25 mischaracterizes the cited evidence and is disputed. Devis is fully funded for its RPC contact by DOS/PRM and assists in maintaining the IT infrastructure of WRAPS for the benefit of the DOS. Through WRAPS, DOS/PRM shares

information with DHS, including its components USCIS and Customs and Border Protection ("CBP"), based upon operational need. Supp. Ingraham Decl. ¶¶ 10-11.

26.     Devis maintains information in WRAPS under USCIS's statutory authority to adjudicate refugee applications, for the purpose of permitting USCIS to carry out its statutory responsibilities. *See* Ex. 3, WRAPS PIA, at 3-4 (information in WRAPS collected under 8 U.S.C. § 1157); *id.* at 9-10 (explaining the "intended use(s) for the information"); *see also* Declaration of Emily Haverkamp ("Haverkamp Decl.") ¶¶ 10-16.

**Response**: The statement in paragraph 26 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 26 mischaracterizes the cited evidence and is disputed. Devis is fully funded for its RPC contract by DOS/PRM and assists in maintaining the IT infrastructure of WRAPS for the benefit of the DOS. Through WRAPS, DOS/PRM shares information with DHS, including its components USCIS and CBP, based upon operational need. USCIS refugee officers receive read-only access to WRAPS to permit them to review and adjudicate refugee applications. Supp. Ingraham Decl. ¶¶ 10-11.

27.     WRAPS enables USCIS to easily gather, store, and review information from multiple and disparate sources and to coordinate refugee adjudication among multiple reviewers in different locations around the world. *See* Ex. 3, WRAPS PIA, at 2 ("WRAPS was designed to create a standardized, globally linked case tracking system to more efficiently and effectively process the admission of refugees to the U.S."); Haverkamp Decl. ¶¶ 10-16; *infra* ¶¶ 36-41.

**Response**: The statement in paragraph 27 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 27 mischaracterizes the cited evidence and is disputed in part. Through WRAPS, DOS/PRM shares information with DHS, including its components USCIS and CBP. DOS/PRM provides access to its USRAP partners based upon operational need. USCIS refugee officers receive read-only access to WRAPS to permit them to review and adjudicate refugee applications, whereas other organizations receive data from WRAPS through electronic interfaces to perform other refugee processing functions, such as security vetting or travel bookings. PRM/RPC leadership approves those individuals who have read-only access to WRAPS and develops and maintains electronic interfaces to transmit WRAPS data to certain USRAP partners. Supp. Ingraham Decl. ¶ 11. USCIS notes that not all information contained in WRAPS pertaining to an applicant is used or required by USCIS in adjudicating a refugee application. *Id.* ¶ 12; Ruppel Decl. ¶ 5.

28.     While a refugee application is pending, WRAPS is the only database that contains the refugee case file. *See* Ex. 1, Refugee Case Processing PIA, at 2-4; Declaration of Terri White ("White Decl.") ¶¶ 6-9, ECF No. 38; Haverkamp Decl. ¶¶ 12-13.

**Response**: The statement in paragraph 28 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the assertion in paragraph 28 mischaracterizes the cited evidence. Subject to these objections, the

statement in paragraph 28 is undisputed in part for purposes of this motion as of the present day. The WRAPS case management system is in the process of being decommissioned and is expected to be fully retired by late 2021 and replaced by START (a DOS system). USCIS has also developed a system called Global that has an electronic interface with START. The interface between START and Global was activated in late March 2021. For the RSCs that have migrated to START, data relevant to USCIS adjudications in START is automatically sent to Global through the electronic interface. As RSCs migrate from WRAPS to START over the course of this year, data in START relevant to USCIS adjudications will be transmitted to Global through the START-Global electronic interface. START and Global will exchange relevant data and the information USCIS needs to adjudicate refugee applications will be housed in Global. USCIS is also currently implementing features in Global that will intake Form I-590 data so that USCIS refugee officers may interview and adjudicate pending cases using Global. USCIS has begun issuing approvals in the system on a limited basis. Soon, USCIS refugee officers will input interview and decision information, such as interview notes and all final adjudicative decisions, in Global. Once a final decision has been made on a case, Global communicates that decision to DOS to complete processing. These features are being rolled out in conjunction with the transition from WRAPS to START. Supp. Ingraham Decl. ¶¶ 15-18; Ruppel Decl. ¶¶ 11, 13-16.

29.     While a refugee application is pending, WRAPS is the only place USCIS stores the electronic refugee case file. *See* Ex. 1, Refugee Case Processing PIA, at 2-4; White Decl. ¶¶ 6-9, ECF No. 38; Haverkamp Decl. ¶¶ 12-13.

**Response**: The statement in paragraph 29 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records

maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the cited evidence does not support the assertion in paragraph 29. Subject to these objections, the statement in paragraph 29 is disputed. DOS, not USCIS, stores the refugee's electronic case file in WRAPS. Supp. Ingraham Decl. ¶ 9. Further, the WRAPS case management system is in the process of being decommissioned and is expected to be fully retired by late 2021 and replaced by START (a DOS system). USCIS has also developed a system called Global that has an electronic interface with START. The interface between START and Global was activated in late March 2021. For the RSCs that have migrated to START, data relevant to USCIS adjudications in START is automatically sent to Global through the electronic interface. As RSCs migrate from WRAPS to START over the course of this year, data in START relevant to USCIS adjudications will be transmitted to Global through the START-Global electronic interface. START and Global will exchange relevant data and the information USCIS needs to adjudicate refugee applications will be housed in Global. USCIS is also currently implementing features in Global that will intake Form I-590 data so that USCIS refugee officers may interview and adjudicate pending cases using Global. USCIS has begun issuing approvals in the system on a limited basis. Soon, USCIS refugee officers will input interview and decision information, such as interview notes and all final adjudicative decisions, in Global. Once a final decision has been made on a case, Global communicates that decision to DOS to complete processing. These features are being rolled out in conjunction with the transition from WRAPS to START. Supp. Ingraham Decl. ¶¶ 15-18; Ruppel Decl. ¶¶ 11, 13-16.

      30.    WRAPS is integrated with other case information systems used by USCIS. *See infra* ¶¶ 32-35.

**Response**: The statement in paragraph 30 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement in paragraph 30 does not cite to evidence which would be admissible, as it simply references subsequent assertions of fact and does not identify any admissible evidence upon which it relies. Subject to these objections, the statement in paragraph 30 is disputed. WRAPS currently has an electronic connection with DHS to enable data obtained by PRM, and required by vetting agencies, to reach various security vetting partners and to then return a positive or negative security result back to WRAPS. Supp. Ingraham Decl. ¶ 14; *see also infra* ¶¶ 31-33.

31.     WRAPS is connected to the Refugee Affairs Division Case Manager. *See* Ex. 1, Refugee Case Processing PIA, at 3.

**Response**: The statement in paragraph 31 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement in paragraph 31 mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 31 is disputed. The Refugee Affairs Division Case Manager is a USCIS program that was originally designed to track case holds. However, the Refugee Affairs Division Case Manager was never widely adopted and was only used for a limited number of workflows. The Refugee Affairs Division Case Manager is not connected to WRAPS. Rather, certain case management tracking information, including how long a case had been pending and which cases were in need of action, were manually transferred from WRAPS to the Refugee Affairs Division

Case Manager. This process was not done automatically. Instead, a report was generated from WRAPS, which was then inputted into the Refugee Affairs Division Case Manager. The Refugee Affairs Division Case Manager is no longer used for working cases. Upon the conclusion of the retirement of WRAPS, Refugee Affairs Division Case Manager will be used for archival purposes only. Ruppel Decl. ¶ 12.

32.     The Refugee Affairs Division Case Manager uses specific data it pulls from WRAPS to create a list of cases that need action taken and to note how long cases have been awaiting review. *See* Ex. 1, Refugee Case Processing PIA, at 3.

**Response**: The statement in paragraph 32 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement in paragraph 32 mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 32 is disputed. The Refugee Affairs Division Case Manager is a USCIS program that was originally designed to track case holds. However, the Refugee Affairs Division Case Manager was never widely adopted and was only used for a limited number of workflows. The Refugee Affairs Division Case Manager is not connected to WRAPS. Rather, certain case management tracking information, including how long a case had been pending and which cases were in need of action, were manually transferred from WRAPS to the Refugee Affairs Division Case Manager. This process was not done automatically. Instead, a report was generated from WRAPS, which was then inputted into the Refugee Affairs Division Case Manager. The Refugee Affairs Division Case Manager is no longer used for working cases. Upon the conclusion of the

retirement of WRAPS, Refugee Affairs Division Case Manager will be used for archival purposes only. Ruppel Decl. ¶ 12.

33.     Supervisors and staff from the USCIS Refugee Affairs Division use the Refugee Affairs Division Case Manager to assign cases and review their case assignments. *See* Ex. 1, Refugee Case Processing PIA, at 3.

**Response**: The statement in paragraph 33 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement in paragraph 33 mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 33 is disputed. The Refugee Affairs Division Case Manager is a USCIS program that was originally designed to track case holds. However, the Refugee Affairs Division Case Manager was never widely adopted and was only used for a limited number of workflows. The Refugee Affairs Division Case Manager is not connected to WRAPS. Rather, certain case management tracking information, including how long a case had been pending and which cases were in need of action, were manually transferred from WRAPS to the Refugee Affairs Division Case Manager. This process was not done automatically. Instead, a report was generated from WRAPS, which was then inputted into the Refugee Affairs Division Case Manager. The Refugee Affairs Division Case Manager is no longer used for working cases. Upon the conclusion of the retirement of WRAPS, Refugee Affairs Division Case Manager will be used for archival purposes only. Ruppel Decl. ¶ 12.

34.     USCIS considers refugee case files stored in WRAPS to be part of its system of records. *See* Ex. 5, Form I-590, at 15 (refugee application information is governed by the USCIS

system of records notice "DHS/USCIS-017 - Refugee Case Processing and Security Screening Information"); Ex. 4, DHS/USCIS-017 - Refugee Case Processing and Security Screening Information, 81 Fed. Reg. 72,075, 72,077 (Oct. 19, 2016) (encompassing information located in WRAPS).

**Response**: The statement in paragraph 34 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. In addition, this statement mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 34 is disputed. The referenced portion of the Form I-590 states, "The information you provide on this [Form I-590] may be shared with other Federal, state, local, and foreign government agencies and authorized organizations in accordance with approved routine uses, as described in the associated published system of records notices [DHS/USCIS-001 - Alien File, Index, and National File Tracking System, DHS/USCIS-017 - Refugee Case Processing and Security Screening Information, and the STATE-60 - Refugee Case Records, which can be found at www.dhs.gov/privacy and www.state.gov]." Gomez Decl., Ex. 5, Form I-590, at 15. The DHS/USCIS Refugee Case Processing and Security Screening Information in turn advises that "[d]ata on refugee applications are entered into the *DOS-owned and operated* Worldwide Refugee Admissions Processing System (WRAPS), which is an electronic case management system for refugee resettlement that is used by DOS Bureau of Population, Refugees, and Migration (PRM) and its worldwide partners and facilitates the refugee resettlement process." Gomez Decl., Ex. 4, 81 Fed. Reg. 72,075, 72,076 (Oct. 19, 2016) (emphasis added). It further states, "The DHS/USCIS IT systems, as well as DOS IT systems that support the Refugee Case Processing and Security

Screening Information include: The DOS WRAPS, USCIS CAMINO, and CLAIMS 3." *Id.* at 72,077.

35.   The Department of Homeland Security describes a system of records as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifier assigned to the individual." *System of Records Notices (SORNs)*, U.S. Dep't of Homeland Sec., https://www.dhs. gov/system-records-notices-sorns (last visited Mar. 3, 2021); *see also* 5 U.S.C. § 552a(a)(5) (providing substantially the same definition).

**Response**: The statement in paragraph 35 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the cited evidence does not support the statement contained in paragraph 34. Subject to these objections, the statement in paragraph 35 is undisputed, but USCIS notes that WRAPS is not under the control of USCIS. Supp. Ingraham Decl. ¶¶ 8-11.

36.   WRAPS stores the information USCIS requires to decide a refugee applicant's case and the records of USCIS's decisionmaking. *See* Ingraham Decl. ¶ 6, ECF No. 31; Haverkamp Decl. ¶¶ 12-16; *infra* ¶¶ 37-41.

**Response**: The statement in paragraph 36 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 36 is not disputed for purposes of this motion as of

the present day, except to the extent that not all information contained in WRAPS pertaining to an applicant is used or required by USCIS in adjudicating a refugee application. Supp. Ingraham Decl. ¶ 12; Ruppel Decl. ¶ 5. Further, the WRAPS case management system is in the process of being decommissioned and is expected to be fully retired by late 2021 and replaced by START (a DOS system). USCIS has also developed a system called Global that has an electronic interface with START. The interface between START and Global was activated in late March 2021. For the RSCs that have migrated to START, data relevant to USCIS adjudications in START is automatically sent to Global through the electronic interface. As RSCs migrate from WRAPS to START over the course of this year, data in START relevant to USCIS adjudications will be transmitted to Global through the START-Global electronic interface. START and Global will exchange relevant data and the information USCIS needs to adjudicate refugee applications will be housed in Global. USCIS is also currently implementing features in Global that will intake Form I-590 data so that USCIS refugee officers may interview and adjudicate pending cases using Global. USCIS has begun issuing approvals in the system on a limited basis. Soon, USCIS refugee officers will input interview and decision information, such as interview notes and all final adjudicative decisions, in Global. Once a final decision has been made on a case, Global communicates that decision to DOS to complete processing. These features are being rolled out in conjunction with the transition from WRAPS to START. Supp. Ingraham Decl. ¶¶ 15-18; Ruppel Decl. ¶¶ 11, 13-16. In addition to WRAPS, all I-590 decision information is stored in the paper file that is maintained by the RSC until it is shipped to the USCIS National Records Center and becomes an A-File. During the time that the file is with the RSC, WRAPS (or the system that is replacing it, START) can be searched to locate decisional information. As of April 4, 2021, certain decisional information for some RSCs is available in USCIS's own case management system,

Global. In the future, this information will expand as cases are converted from WRAPS to START. Ruppel Decl. ¶ 11.

37.    WRAPS stores the refugee application form and supporting documents, which may include records of registration with the U.N. High Commissioner for Refugees and host governments, passports and other identity documents, and documents demonstrating eligibility for resettlement. *See* Ex. 1, Refugee Case Processing PIA, at 2, 5 n.10; Ex. 7, Digital Approval SOP, at 13.

**Response**: The statement in paragraph 37 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 37 is not disputed for purposes of this motion as of the present day, except to the extent that not all information contained in WRAPS pertaining to an applicant is used or required by USCIS in adjudicating a refugee application. Supp. Ingraham Decl. ¶ 12; Ruppel Decl. ¶ 5. Further, the WRAPS case management system is in the process of being decommissioned and is expected to be fully retired by late 2021 and replaced by START (a DOS system). USCIS has also developed a system called Global that has an electronic interface with START. The interface between START and Global was activated in late March 2021. For the RSCs that have migrated to START, data relevant to USCIS adjudications in START is automatically sent to Global through the electronic interface. As RSCs migrate from WRAPS to START over the course of this year, data in START relevant to USCIS adjudications will be transmitted to Global through the START-Global electronic interface. START and Global will exchange relevant data and the information USCIS needs to adjudicate refugee applications will

be housed in Global. USCIS is also currently implementing features in Global that will intake Form I-590 data so that USCIS refugee officers may interview and adjudicate pending cases using Global. USCIS has begun issuing approvals in the system on a limited basis. Soon, USCIS refugee officers will input interview and decision information, such as interview notes and all final adjudicative decisions, in Global. Once a final decision has been made on a case, Global communicates that decision to DOS to complete processing. These features are being rolled out in conjunction with the transition from WRAPS to START. Supp. Ingraham Decl. ¶¶ 15-18; Ruppel Decl. ¶¶ 11, 13-16.

38.     WRAPS stores applicants' biometric information. *See* Ex. 3, WRAPS PIA, at 2.

**Response**: The statement in paragraph 38 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the cited evidence does not support the assertion in paragraph 38. Subject to these objections, the statement in paragraph 38 is disputed. "WRAPS does not store any fingerprint, iris, or facial recognition biometrics." Gomez Decl., Ex. 3, DOS WRAPS PIA, at 2.

39.     WRAPS stores the results of security and background checks. *See* Ex. 1, Refugee Case Processing PIA, at 9; Ex. 3, WRAPS PIA, at 2-3; Ex. 7, Digital Approval SOP, at 13-14.

**Response**: The statement in paragraph 39 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject

to this objection, the statement in paragraph 39 is undisputed for the purposes of this motion as of the present day.

40.     WRAPS stores any correspondence pertaining to the applicant. *See* Ex. 7, Digital Approval SOP, at 13.

**Response**: The statement in paragraph 40 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 40 is disputed. Only certain correspondence concerning an applicant is stored in WRAPS, and certain correspondence maintained in WRAPS would not involve or be of relevance to USCIS. DOS/PRM's standard operating procedures instruct the RSCs on the types of communication/correspondence about/with a refugee applicant that should be uploaded to WRAPS. Supp. Ingraham Decl. ¶¶ 9, 12.

41.     WRAPS stores any records generated by USCIS refugee officers during the refugee adjudication process, including interview notes and decisional documents. *See* Ex. 1, Refugee Case Processing PIA, at 22; Ex. 7, Digital Approval SOP, at 13-17.

**Response**: The statement in paragraph 41 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the cited evidence does not support the assertion in paragraph 41. Subject to this objection, the statement in paragraph 41 is undisputed for the purposes of this motion as of the present day. However, the WRAPS case management system is in the process of being decommissioned and is

expected to be fully retired by late 2021 and replaced by START (a DOS system). USCIS has also developed a system called Global that has an electronic interface with START. The interface between START and Global was activated in late March 2021. For the RSCs that have migrated to START, data relevant to USCIS adjudications in START is automatically sent to Global through the electronic interface. As RSCs migrate from WRAPS to START over the course of this year, data in START relevant to USCIS adjudications will be transmitted to Global through the START-Global electronic interface. START and Global will exchange relevant data and the information USCIS needs to adjudicate refugee applications will be housed in Global. USCIS is also currently implementing features in Global that will intake Form I-590 data so that USCIS refugee officers may interview and adjudicate pending cases using Global. USCIS has begun issuing approvals in the system on a limited basis. Soon, USCIS refugee officers will input interview and decision information, such as interview notes and all final adjudicative decisions, in Global. Once a final decision has been made on a case, Global communicates that decision to DOS to complete processing. These features are being rolled out in conjunction with the transition from WRAPS to START. Supp. Ingraham Decl. ¶¶ 15-18; Ruppel Decl. ¶¶ 11, 13-16.

42.     All USCIS refugee officers, as well as other USCIS staff, have access to refugee case files through WRAPS. *See* Ex. 3, WRAPS PIA, at 12 (explaining that USCIS officers have access to WRAPS for refugee and other types of adjudications); Haverkamp Decl. ¶¶ 4-7, 17.

**Response**: The statement in paragraph 42 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 42 is disputed in part. DOS/PRM provides access to

WRAPS to its USRAP partners based upon operational need. DOS/PRM provides USCIS refugee officers and limited USCIS staff with read-only access to WRAPS to permit USCIS refugee officers to review and adjudicate refugee applications. Further, PRM also generates information and documents that are integral to the USRAP and maintained in a refugee's file in WRAPS that do not have relevance to USCIS's adjudication process and USCIS would not have need to access and does not typically access. Supp. Ingraham Decl. ¶¶ 11-12; Ruppel Decl. ¶ 5.

43.     All USCIS refugee officers, as well as other USCIS staff, may examine any portion of any refugee case file within WRAPS while conducting government business. *See* Haverkamp Decl. ¶ 18; *see also* Ex. 1, Refugee Case Processing PIA, at 20 (confidentiality of records ensured by officers' "highly specialized training").

**Response**: The statement in paragraph 43 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 43 is disputed in part. DOS/PRM provides access to WRAPS to its USRAP partners based upon operational need. DOS/PRM provides USCIS refugee officers and limited USCIS staff with read-only access to WRAPS to permit USCIS refugee officers to review and adjudicate refugee applications. Further, PRM also generates information and documents that are integral to the USRAP and maintained in a refugee's file in WRAPS that do not have relevance to USCIS's adjudication process and USCIS would not have need to access and does not typically access. Supp. Ingraham Decl. ¶¶ 11-12; Ruppel Decl. ¶ 5.

44.     All USCIS refugee officers, as well as other USCIS staff, may access refugee case files within WRAPS at any time. *See* Haverkamp Decl. ¶ 18; *see also* Ex. 1, Refugee Case Processing PIA, at 20.

**Response**: The statement in paragraph 44 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 44 is disputed in part. DOS/PRM provides access to WRAPS to its USRAP partners based upon operational need. DOS/PRM provides USCIS refugee officers and limited USCIS staff with read-only access to WRAPS to permit USCIS refugee officers to review and adjudicate refugee applications. Further, PRM also generates information and documents that are integral to the USRAP and maintained in a refugee's file in WRAPS that do not have relevance to USCIS's adjudication process and USCIS would not have need to access and does not typically access. Supp. Ingraham Decl. ¶¶ 11-12; Ruppel Decl. ¶ 5.

45.     All USCIS refugee officers, as well as other USCIS staff, may access refugee case files within WRAPS from anywhere in the world with an internet connection; USCIS staff participate in adjudications from around the world. *See* Ex. 1, Refugee Case Processing PIA, at 2-3 (digital approvals may be made "from any location with an internet connection and WRAPS access, including at Headquarters in Washington, D.C. and while on circuit ride overseas"); Haverkamp Decl. ¶¶ 8-13, 18.

**Response:** The statement in paragraph 45 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records

maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 45 is disputed in part. DOS/PRM provides access to WRAPS to its USRAP partners based upon operational need. DOS/PRM provides USCIS refugee officers and limited USCIS staff with read-only access to WRAPS to permit USCIS refugee officers to review and adjudicate refugee applications. Further, PRM also generates information and documents that are integral to the USRAP and maintained in a refugee's file in WRAPS that do not have relevance to USCIS's adjudication process and USCIS would not have need to access and does not typically access. Supp. Ingraham Decl. ¶¶ 11-12; Ruppel Decl. ¶ 5.

46.     As with other databases, USCIS refugee officers and other USCIS staff connect to WRAPS through a secure internet link. *See* Ex. 3, WRAPS PIA, at 13; Haverkamp Decl. ¶ 18.

**Response**: The statement in paragraph 46 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 46 is undisputed for purposes of this motion.

47.     USCIS refugee officers and other USCIS staff review refugee case files in WRAPS throughout the refugee adjudication process, including during prescreening, during in-person eligibility interviews, when conducting background and security checks, and when ultimately deciding whether to approve an applicant for resettlement. *See* Ex. 1, Refugee Case Processing PIA, at 2, 9, 19 (describing various uses of refugee information in WRAPS); Ex. 9, USCIS RAIO Directorate, Researching & Using Country of Origin Information in RAIO Adjudications Training Module, at 35 (instructing USCIS officers to "ascertain the nature of the persecution claims from the WRAPS database" in advance of interviews); Haverkamp Decl. ¶¶ 15-16.

**Response**: The statement in paragraph 47 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 47 is disputed. First, not all information contained in WRAPS pertaining to an applicant is used or required by USCIS in adjudicating a refugee application. Supp. Ingraham Decl. ¶ 12; Ruppel Decl. ¶ 5. Second, the refugee officer may access WRAPS after prescreening, during in-person eligibility interviews, when reviewing background and security checks results, when making eligibility determinations and when ultimately deciding whether to approve an applicant for resettlement. Ruppel Decl. ¶ 4. Third, the WRAPS case management system is in the process of being decommissioned and is expected to be fully retired by late 2021 and replaced by START (a DOS system). USCIS has also developed a system called Global that has an electronic interface with START. The interface between START and Global was activated in late March 2021. For the RSCs that have migrated to START, data relevant to USCIS adjudications in START is automatically sent to Global through the electronic interface. As RSCs migrate from WRAPS to START over the course of this year, data in START relevant to USCIS adjudications will be transmitted to Global through the START-Global electronic interface. START and Global will exchange relevant data and the information USCIS needs to adjudicate refugee applications will be housed in Global. USCIS is also currently implementing features in Global that will intake Form I-590 data so that USCIS refugee officers may interview and adjudicate pending cases using Global. USCIS has begun issuing approvals in the system on a limited basis. Soon, USCIS refugee officers will input interview and decision information, such as interview notes and all final adjudicative decisions, in Global. Once a final decision has been

made on a case, Global communicates that decision to DOS to complete processing. These features are being rolled out in conjunction with the transition from WRAPS to START. Supp. Ingraham Decl. ¶¶ 15-18; Ruppel Decl. ¶¶ 11, 13-16.

48.    USCIS relies on refugee case file information in WRAPS to assess security risks, make eligibility determinations, and ultimately to decide applications. *See* Ex. 3, WRAPS PIA, at 12 ("DHS/USCIS officers have access to WRAPS records in order to adjudicate refugee applicant cases [and] for fraud prevention purposes"); Ex. 7, Digital Approval SOP, at 19 ("A case may only be approved after considering all evidence, including scanned documents contained in WRAPS, and determining that there are no applicable holds, grounds of inadmissibility, or bars."); Haverkamp Decl. ¶¶ 15-16.

**Response**: The statement in paragraph 48 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 48 is disputed. First, not all information contained in WRAPS pertaining to an applicant is used or required by USCIS in adjudicating a refugee application. Supp. Ingraham Decl. ¶ 12; Ruppel Decl. ¶ 5. Second, the refugee officer may access WRAPS after prescreening, during in-person eligibility interviews, when reviewing background and security checks results, when making eligibility determinations and when ultimately deciding whether to approve an applicant for resettlement. Ruppel Decl. ¶ 4. Third, the WRAPS case management system is in the process of being decommissioned and is expected to be fully retired by late 2021 and replaced by START (a DOS system). USCIS has also developed a system called Global that has an electronic interface with START. The interface between START and Global

was activated in late March 2021. For the RSCs that have migrated to START, data relevant to USCIS adjudications in START is automatically sent to Global through the electronic interface. As RSCs migrate from WRAPS to START over the course of this year, data in START relevant to USCIS adjudications will be transmitted to Global through the START-Global electronic interface. START and Global will exchange relevant data and the information USCIS needs to adjudicate refugee applications will be housed in Global. USCIS is also currently implementing features in Global that will intake Form I-590 data so that USCIS refugee officers may interview and adjudicate pending cases using Global. USCIS has begun issuing approvals in the system on a limited basis. Soon, USCIS refugee officers will input interview and decision information, such as interview notes and all final adjudicative decisions, in Global. Once a final decision has been made on a case, Global communicates that decision to DOS to complete processing. These features are being rolled out in conjunction with the transition from WRAPS to START. Supp. Ingraham Decl. ¶¶ 15-18; Ruppel Decl. ¶¶ 11, 13-16.

49.     USCIS has the power to approve refugee applications directly in WRAPS. *See* Ex. 7, Digital Approval SOP, at 5 ("Worldwide Refugee Admissions Processing System (WRAPS) is a case management system that has a functionality that allows officers to remotely adjudicate hold lifts and approve refugee cases."); Haverkamp Decl. ¶ 15.

**Response**: The statement in paragraph 49 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 49 is undisputed for the purposes of this motion, except to clarify that the only exception to a refugee officer's read-only access is that a refugee officer

may digitally approve a case in WRAPS, rather than physically stamping the Form I-590. Supp. Ingraham Decl. ¶ 13; Ruppel Decl. ¶ 9.

50.     USCIS has the power to make notes directly in WRAPS as part of the approval process. *See* Ex. 7, Digital Approval SOP, at 20-22.

**Response**: The statement in paragraph 50 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the cited evidence does not support the assertion set forth in paragraph 50. Subject to these objections, the statement in paragraph 50 is disputed. USCIS refugee officers cannot alter documents within WRAPS. USCIS refugee officers can make notes on the hard copies of Form I-590 and adjudication worksheets as part of the refugee interview, which are later scanned and uploaded into WRAPS by RSC staff. The only exception to a USCIS refugee officer's read-only access to WRAPS is that they may digitally approve a refugee application in WRAPS, rather than physically stamping the Form I-590. If a refugee officer decides to reject a case for digital approval, the refugee officer has the limited ability to make a note to the RSC explaining the reason that the case is not being digitally approved. Supp. Ingraham Decl. ¶ 13; Ruppel Decl. ¶ 9.

51.     USCIS uses WRAPS to store records of its decisions. *See* Ex. 1, Refugee Case Processing PIA, at 9 ("USCIS receives and stores . . . results of background identity and security checks in WRAPS."); Ex. 7, Digital Approval SOP, at 14-19 (directing USCIS officers to review all USCIS assessments within WRAPS); Ex. 8, USCIS RAIO Directorate, Note-Taking Training Module ("Note-Taking Module"), at 33 (describing how USCIS uses WRAPS to electronically store and access officer notes).

**Response**: The statement in paragraph 51 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the assertion in paragraph 51 is disputed. Currently, in addition to WRAPS, all I-590 decision information is stored in the paper file that is maintained by the RSC until it is shipped to the USCIS National Records Center and becomes an A-File. During the time that the file is with the RSC, WRAPS (or the system that is replacing it, START) can be searched to locate decisional information. As of April 4, 2021, certain decisional information for some RSCs is available in USCIS's own case management system, Global. In the future, this information will expand as cases are converted from WRAPS to START. Ruppel Decl. ¶ 11.

52.     USCIS refugee officers and other USCIS staff refer to records in WRAPS to adjudicate other types of immigration benefits applications. *See* Ex. 3, WRAPS PIA, at 12 ("DHS/USCIS officers have access to WRAPS records in order . . . to conduct relationship and family tree research related to granting 'following-to-join' applications or adjudication of other immigration benefits.").

**Response**: The statement in paragraph 52 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 52 is disputed in part. WRAPS contains data for certain programs, including Afghan and Iraqi Special Immigrant Visas Program and Amerasian Program, solely for the purpose of resettlement benefits. USCIS does not use WRAPS to adjudicate

individuals for such programs. Instead, PRM maintains data on those cases because those applicants are eligible to receive refugee benefits upon arrival to the United States. Supp. Ingraham Decl. ¶ 12.

53.     USCIS staff may print records from WRAPS. *See* Ex. 8, Note-Taking Module, at 33.

**Response**: The statement in paragraph 53 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 53 is undisputed for purposes of this motion as of the present day. Once WRAPS is decommissioned, USCIS will no longer have access to WRAPS. Supp. Ingraham Decl. ¶ 15.

54.     If USCIS identifies an error in a WRAPS record, it corrects the record by directing contractor staff at a Resettlement Support Center to make the change. *See* Ex. 1, Refugee Case Processing PIA, at 18 (USCIS may make handwritten corrections to documents for uploading into WRAPS); Ex. 7, Digital Approval SOP, at 20-22 (USCIS may direct the Resettlement Support Center to take "corrective action," including by uploading missing documents to WRAPS).

**Response**: The statement in paragraph 54 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement in paragraph 54 mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 54 is disputed. USCIS refugee officers cannot alter documents within

WRAPS. If a USCIS refugee officer identifies new applicant information to add to WRAPS or an error within WRAPS, the officer would e-mail the requested change to the RSC to update WRAPS. A USCIS refugee officer would not typically seek corrections to non-USCIS documents within WRAPS. The RSC would scan and upload the record of the requested change into WRAPS. Supp. Ingraham Decl. ¶ 13; Ruppel Decl. ¶ 9.

55.     USCIS obtains releases from refugee applicants to share information pertaining to their applications with other agencies and entities as necessary to decide their refugee cases. *See* Ex. 5, Form I-590, at 8-9, 13, 15; Ex. 1, Refugee Case Processing PIA, at 19-20.

**Response**: The statement in paragraph 55 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 55 is disputed. As set forth in the Form I-590, the applicant "authorize[s] the release of any information from any and all of [his/her] records that USCIS may need to determine my eligibility for the immigration benefit that [he/she] seek[s]. The applicant also "authorize[s] release of information contained in this form, in supporting documents, and in [his/her] USCIS records, to other entities and persons where necessary for the administration of U.S. immigration laws." Gomez Decl., Ex. 5, Form I-590, at 8.

56.     Through WRAPS, USCIS shares information with the State Department, U.S. Customs and Border Protection, and the National Counterterrorism Center. *See* Ex. 1, Refugee Case Processing PIA, at 22.

**Response**: The statement in paragraph 56 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement in paragraph 56 mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 56 is disputed. Through WRAPS, DOS/PRM shares information with DHS, including its components USCIS and CBP, as well as the National Counterterrorism Center. DOS/PRM provides access to its USRAP partners based upon operational need. Supp. Ingraham Decl. ¶ 11.

57.     Under agreements with certain foreign governments, USCIS's National Records Center produces scanned documents, such as applications, from systems that include WRAPS to those governments on request. *See* Ex. 2, U.S. Dep't of Homeland Sec., Privacy Impact Assessment for the International Case Tracking System (ICTS), DHS/USCIS/PIA-069 (Feb. 2, 2018), at 1, 4-6.

**Response**: The statement in paragraph 57 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 57 is disputed. On occasion, foreign governments request certain information from USCIS outside of the FOIA process. Depending on the requested information, an analyst from USCIS National Records Center Immigration Information Integrity Branch ("IIIB") may consult the individual's A-File, as well as other USCIS/DHS systems and State's WRAPS, to create a consolidated response for the foreign partner. As part of this response,

and to the extent relevant to the request and to the extent not available from another USCIS or DHS system, the USCIS IIIB analyst may consult WRAPS and produce the Form I-590, Decision Letter and USCIS Worksheet interview notes from WRAPS. USCIS does not provide all records maintained in WRAPS to foreign governments. Supplemental Declaration of Terri White ("Supp. White Decl.") ¶ 7; Gomez Decl., Ex. 2, U.S. Dep't of Homeland Sec., Privacy Impact Assessment for the International Case Tracking System (ICTS), DHS/USCIS/PIA-069 (Feb. 2, 2018), at 3-6.

58.     The International Refugee Assistance Project ("IRAP") is a nonprofit organization that, among other things, provides direct legal services to refugees going through USCIS's resettlement application process. *See* Declaration of Stephen Poellot ("Poellot Decl.") ¶¶ 2-3.

**Response**: The statement in paragraph 58 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the nature of the IRAP organization is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Subject to these objections, the statement in paragraph 58 is undisputed for purposes of this motion.

59.     One component of IRAP's direct legal services work is helping people request review from USCIS of decisions denying their refugee applications. *See* Poellot Decl. ¶¶ 3-4.

**Response**: The statement in paragraph 59 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records

maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the nature of IRAP's legal services is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Subject to these objections, the statement in paragraph 59 is undisputed for purposes of this motion.

60.     When representing someone in a request for review to USCIS, IRAP generally also submits a Freedom of Information Act ("FOIA") request to USCIS asking USCIS to produce the client's case file to better inform IRAP's advocacy on behalf of that client. *See* Poellot Decl. ¶ 4.

**Response**: The statement in paragraph 60 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the nature of IRAP's legal services is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Subject to these objections, the statement in paragraph 60 is undisputed for purposes of this motion, but Defendant notes that IRAP also submits FOIA requests to DOS as it did in this case. *See* Declaration of Eric F. Stein ("Stein Decl.") (Dkt. No. 32) ¶ 5, Ex. A.

61.     USCIS publicly states that FOIA requests to USCIS are the means through which refugee applicants may access their case files, including to identify inaccurate or erroneous information therein. *See* Ex. 1, Refugee Case Processing PIA, at 25-26 (describing "processes in place for individuals to seek redress").

**Response**: The statement in paragraph 61 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the means by which refugee applicants can access their case files is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Further, the statement mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 61 is disputed in part. The cited document states, "[a]n individual may seek access to his or her USCIS records by filing a Privacy Act or Freedom of Information (FOIA) request. Only U.S. citizens and lawful permanent residents may file a Privacy Act request. Any person, regardless of immigration status, may file a FOIA request." Gomez Decl., Ex. 1, Refugee Case Processing PIA, at 26.

62.     USCIS advises that individuals including "[i]ndividual refugee applicants located abroad" may correct information obtained through their USCIS FOIA requests. Ex. 1, Refugee Case Processing PIA, at 26.

**Response**: The statement in paragraph 62 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the means by which refugee applicants can correct information their case files is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA

request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Further, the statement mischaracterizes

the cited evidence. Subject to these objections, the statement in paragraph 62 is disputed. The cited

document states, "[p]ersons not covered by the Privacy Act are also able to amend their records.

If a person finds inaccurate information in his or her record received through FOIA, he or she may

visit a local USCIS Field Office to identify and amend inaccurate records with evidence. Individual

refugee applicants located abroad may inform PRM[']s overseas partners of the need to correct

inaccurate information. Refugee applicants inform these overseas partners of the error either by

phone, in person or via email. PRM partners can then make the correction directly in WRAPS."

Gomez Decl., Ex. 1, Refugee Case Processing PIA, at 26. PRM is within DOS. Supp. Ingraham

Decl. ¶ 4.

63.     When refugee applicants abroad with pending or recently denied applications or

their representatives (like IRAP) submit FOIA requests to USCIS for their refugee case files,

USCIS refuses to search the WRAPS database and produces no records. *See* Poellot Decl. ¶¶ 4-9.

**Response**: The statement in paragraph 63 is immaterial because it has no bearing on whether

USCIS is legally required under FOIA to process and release the records maintained in WRAPS

pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records

maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further,

other FOIA requests submitted by IRAP or other refugees is irrelevant because the complaint does

not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is

a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS.

*See* Compl. ¶¶ 64-66; Prayer for Relief. Moreover, the cited evidence does not identify any prior

cases in which USCIS "refuse[d] to search the WRAPS database and produce[d] no records."

Rather, the declarant states, without any specificity as to the requests or responses, "[s]ince 2017,

USCIS has sent IRAP and various pro bono partners over twenty 'no records' responses in response to our requests for records of clients whose refugee applications USCIS recently denied." Poellot Decl. ¶ 8. Without identification of the specific requests or the name of the requestor, USCIS is unable to respond to the statement in paragraph 63. Supp. White Decl. ¶ 6. Because USCIS "is not required to rebut an insufficient showing," *NAACP Legal Def. and Educ. Fund, Inc.*, 2007 WL 4233008, at *1 n. 1 (quotation omitted), it is not required to respond to the statement in paragraph 63. USCIS also notes that IRAP has successfully obtained WRAPS records for its clients from DOS, as it did here. Stein Decl. ¶¶ 11-12, Ex. D.

64.     IRAP and its pro bono partners have received over 20 "no records" responses from USCIS since 2017. *See* Poellot Decl. ¶ 8.

**Response**: The statement in paragraph 64 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, other FOIA requests submitted by IRAP or other refugees is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Moreover, the cited evidence does not identify any prior cases with any specificity; rather, the declarant states, without any specificity as to the requests or responses, that "[s]ince 2017, USCIS has sent IRAP and various pro bono partners over twenty 'no records' responses in response to our requests for records of clients whose refugee applications USCIS recently denied." Poellot Decl. ¶ 8. Without identification of the specific requests or the name of the requestor, USCIS is unable to respond to the statement in paragraph 64. Supp. White

Decl. ¶ 6. Because USCIS "is not required to rebut an insufficient showing," *NAACP Legal Def. and Educ. Fund, Inc.*, 2007 WL 4233008, at *1 n. 1 (quotation omitted), it is not required to respond to the statement in paragraph 64.

      65.     In response to these FOIA requests, including the request at issue in this case, USCIS takes the position that the exclusive means of accessing refugee case files for individuals with pending or recently decided applications is through the Department of State. *See* White Decl. ¶¶ 9, 12, ECF No. 38; White Decl. Ex. F, ECF No. 38-6, at 2; Poellot Decl. ¶ 9.

**Response**: The statement in paragraph 65 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, other FOIA requests submitted by IRAP or other refugees is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Moreover, the cited evidence does not identify any prior requests or cases in which "USCIS [took] the position that the exclusive means of accessing refugee case files for individuals with pending or recently decided applications is through the Department of State." Without having the specific requests or the name of the requestor, USCIS is unable to respond to the statement in paragraph 65. Supp. White Decl. ¶ 6. Because USCIS "is not required to rebut an insufficient showing," *NAACP Legal Def. and Educ. Fund, Inc.*, 2007 WL 4233008, at *1 n. 1 (quotation omitted), it is not required to respond to the statement in paragraph 65.

66.     When it is evaluating requests for refugee case files under the FOIA, the State Department often refers requesters back to USCIS on the ground that some or all of the documents requested originated with USCIS. *See* Poellot Decl. ¶ 11; Declaration of Eric F. Stein ("Stein Decl.") Ex. B, ECF No. 37-2, at 3.

**Response**: The statement in paragraph 66 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, other FOIA requests submitted by IRAP or other refugees is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Moreover, the cited evidence does not support the assertion in paragraph 66, as it does not identify any prior cases in which DOS "refer[red] requesters back to USCIS on the ground that some or all of the documents requested originated with USCIS." Without having the specific requests and responses, USCIS is unable to respond to the statement in paragraph 66. Although USCIS "is not required to rebut an insufficient showing," *NAACP Legal Def. and Educ. Fund, Inc.*, 2007 WL 4233008, at *1 n. 1 (quotation omitted), the statement in paragraph 66 is disputed, as evidenced by DOS's release of records in this case. *See* Stein Decl. ¶¶ 11-12, Ex. D.

67.     When it does respond substantively, the State Department typically takes years even to complete its initial search. *See* Poellot Decl. ¶ 12.

**Response**: The statement in paragraph 67 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS

pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, other FOIA requests submitted by IRAP or other refugees is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Moreover, the cited evidence does not identify any prior cases in which DOS took "years" to complete its search. Without having the specific requests and responses, USCIS is unable to respond to the statement in paragraph 67. Because USCIS "is not required to rebut an insufficient showing," *NAACP Legal Def. and Educ. Fund, Inc.*, 2007 WL 4233008, at *1 n. 1 (quotation omitted), it is not required to respond to the statement in paragraph 67. USCIS notes, however, that FOIA provides a mechanism for seeking judicial review of an agency's failure to timely produce records in response to a FOIA request. USCIS further notes that IRAP elected not to avail itself of such a remedy with regard to DOS in this case, even though DOS maintains the WRAPS database. USCIS further notes that DOS nevertheless produced the records requested in IRAP's FOIA request. *See* Stein Decl. ¶¶ 11-12, Ex. D.

68.    Because of USCIS's practice of refusing to search WRAPS for records responsive to IRAP's FOIA requests, IRAP typically is forced to file requests for review without the benefit of the refugee case file. *See* Poellot Decl. ¶ 14.

**Response**: The statement in paragraph 68 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, whether IRAP has obtained clients' refugee case file in other cases is irrelevant because the

complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Moreover, the cited evidence does not identify any prior cases in which IRAP filed requests for review without the benefit of the refugee case file as a result of some action taken by USCIS in response to a FOIA request by IRAP. Without having the specific requests and responses, USCIS is unable to respond to the statement in paragraph 68. Because USCIS "is not required to rebut an insufficient showing," *NAACP Legal Def. and Educ. Fund, Inc.*, 2007 WL 4233008, at *1 n. 1 (quotation omitted), it is not required to respond to the statement in paragraph 68. USCIS notes, however, that FOIA provides a mechanism for seeking judicial review of an agency's failure to timely produce records in response to a FOIA request. USCIS further notes that IRAP elected not to avail itself of such a remedy with regard to DOS in this case, even though DOS maintains the WRAPS database. USCIS further notes that DOS nevertheless produced the records requested in IRAP's FOIA request. *See* Stein Decl. ¶¶ 11-12, Ex. D.

69. Because of USCIS's practice of refusing to search WRAPS for records responsive to IRAP's FOIA requests, IRAP spends hours of attorney and staff time responding to and appealing USCIS "no records" responses. *See* Poellot Decl. ¶ 13; *infra* ¶¶ 73-93.

**Response**: The statement in paragraph 69 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, whether IRAP has obtained clients' refugee case file in other cases or spends "hours of attorney and staff time" is irrelevant because the complaint does not assert a FOIA "pattern and practice"

claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records

sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief.

Moreover, the cited evidence does not identify any prior cases in which IRAP filed requests for

review without the benefit of the refugee case file as a result of some action taken by USCIS in

response to a FOIA request by IRAP. Without having the specific requests and responses, USCIS

is unable to respond to the statement in paragraph 69. Because USCIS "is not required to rebut an

insufficient showing," *NAACP Legal Def. and Educ. Fund, Inc.*, 2007 WL 4233008, at *1 n. 1

(quotation omitted), it is not required to respond to the statement in paragraph 69. USCIS notes,

however, that FOIA provides a mechanism for seeking judicial review of an agency's failure to

timely produce records in response to a FOIA request. USCIS further notes that IRAP elected not

to avail itself of such a remedy with regard to DOS in this case, even though DOS maintains the

WRAPS database. USCIS further notes that DOS nevertheless produced the records requested in

IRAP's FOIA request. *See* Stein Decl. ¶¶ 11-12, Ex. D.

    70.    IRAP will continue to represent people in requests for review. *See* Poellot Decl. ¶¶

15, 17.

**Response**: The statement in paragraph 70 is immaterial because it has no bearing on whether

USCIS is legally required under FOIA to process and release the records maintained in WRAPS

pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records

maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further,

whether IRAP will continue to represent people in requests for review is irrelevant because the

complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in

the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA

request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Subject to these objections, the statement contained in paragraph 70 is undisputed for purposes of this motion.

71.      IRAP will continue to seek refugee case files from USCIS through the FOIA. *See* Poellot Decl. ¶¶ 15, 17.

**Response**: The statement in paragraph 71 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, whether IRAP will continue to seek refugee case files from USCIS is irrelevant because the complaint does not assert a FOIA "pattern and practice" claim; rather, the only claim for relief in the complaint is a claim seeking disclosure of the records sought in IRAP's February 2018 FOIA request to USCIS. *See* Compl. ¶¶ 64-66; Prayer for Relief. Subject to these objections, the statement contained in paragraph 71 is undisputed for purposes of this motion. USCIS notes, however, that IRAP also seeks and obtains such records from DOS, as it did in this case. *See* Stein Decl. ¶¶ 11-12, Ex. D.

72.      USCIS initially denied IRAP's client's refugee resettlement application in November 2017. *See* White Decl. Ex. C, ECF No. 33-3, at 4 (citing Notice of Ineligibility) (sealed).

**Response**: The statement in paragraph 72 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 72 is undisputed for purposes of this motion.

73. In February 2018, IRAP, as requestor, mailed a FOIA request to USCIS seeking its client's refugee case file. *See* White Decl. Ex. A, ECF No. 38-1.

**Response**: The statement in paragraph 73 does not accurately characterize the IRAP's FOIA request to USCIS that is the subject of this litigation. USCIS refers to the FOIA request itself for an accurate characterization of the request: "All documents and information pertaining to the application of [J.D.] . . . for USRAP refugee resettlement as contained in the records of the Refugee Processing Center, including the full Worldwide Refugee Admissions Processing System ("WRAPS") database file." White Decl. ¶ 5; *id.* Ex. A.

74. The request sought all documents and information pertaining to IRAP's client's refugee resettlement application as contained in records maintained by the Refugee Processing Center, including the client's full WRAPS file. *See* White Decl. Ex. A, ECF No. 38-1, at 2.

**Response**: The statement in paragraph 74 is undisputed for purposes of this motion. *See supra* ¶ 73. USCIS notes, however, that IRAP also sought and obtained the identical records from DOS. *See* Stein Decl. ¶¶ 11-12, Ex. D.

75. On February 20, 2018, IRAP submitted a request for review of USCIS's denial of its client's refugee resettlement application. *See* White Decl. Ex. E, ECF No. 33-5, at 4 (sealed).

**Response**: The statement in paragraph 75 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 75 is undisputed for purposes of this motion.

76. USCIS acknowledged receipt of IRAP's FOIA request by letter dated March 1, 2018. *See* White Decl. Ex. B, ECF No. 38-2, at 2.

**Response**: The statement in paragraph 76 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 76 is undisputed for purposes of this motion.

77.     In the letter, USCIS asserted that it had searched two databases—its Central Index System and its Computer Linked Application Information Management System—and identified no records responsive to the request. *See* White Decl. Ex. B, ECF No. 38-2, at 2.

**Response**: The statement in paragraph 77 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 77 is undisputed for purposes of this motion.

78.     USCIS noted that if IRAP had reason to believe that responsive records existed and provided additional information, USCIS would conduct another search. *See* White Decl. Ex. B, ECF No. 38-2, at 2.

**Response**: The statement in paragraph 78 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 78 is undisputed for purposes of this motion.

79.     On or around April 9, 2018, IRAP submitted additional information to USCIS. *See* White Decl. Ex. C, ECF No. 38-3.

**Response**: The statement in paragraph 79 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 79 is undisputed for purposes of this motion.

80.     IRAP reiterated its request that USCIS search WRAPS. *See* White Decl. Ex. C, ECF No. 38-3, at 2-3.

**Response**: The statement in paragraph 80 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 80 is undisputed for purposes of this motion. USCIS notes, however, that IRAP also sought and obtained from DOS the requested records from WRAPS. *See* Stein Decl. ¶¶ 11-12, Ex. D.

81.     IRAP explained that it was seeking all documents, records, or information relating to the denial of its client's application for refugee status in the United States that are in the possession, custody, or control of USCIS. *See* White Decl. Ex. C, ECF No. 38-3, at 3.

**Response**: The statement in paragraph 81 is immaterial because IRAP's subsequent explanation of its FOIA request has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 81 is undisputed for purposes of this motion to the extent it describes IRAPs position. The statement is

disputed to the extent it is intended to suggest that all records in WRAPS—a database owned and maintained by DOS, to which USCIS has only limited access—are in the possession, custody, or control of USCIS. Supp. Ingraham Decl. ¶¶ 8, 11-12. Not all records in WRAPS are accessed or used by USCIS. *Id.* ¶ 12; Ruppel Decl. ¶ 5. USCIS also notes that IRAP sought and obtained the requested WRAPS records from DOS. *See* Stein Decl. ¶¶ 11-12, Ex. D.

82.    In a letter dated May 1, 2018, USCIS once again asserted that it had searched two databases—its Central Index System and its Computer Linked Application Information Management System—and identified no records responsive to the request. *See* White Decl. Ex. D, ECF No. 38-4, at 2.

**Response**: The statement in paragraph 82 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 82 is undisputed for purposes of this motion.

83.    USCIS again invited IRAP to provide additional information for another search. *See* White Decl. Ex. D, ECF No. 38-4, at 2.

**Response**: The statement in paragraph 83 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 83 is undisputed for purposes of this motion.

84.    On May 10, 2018, USCIS *sua sponte* acknowledged receipt of IRAP's April 2018 submission a second time. *See* Poellot Decl. Ex. A.

**Response**: The statement in paragraph 84 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 84 is undisputed for purposes of this motion.

85.     In this letter, USCIS asserted that the Alien Registration Number that IRAP provided for its client did not belong to him. USCIS then noted for a third time that USCIS had searched its Central Index System and its Computer Linked Application Information Management System and identified no records responsive to the request, and again invited IRAP to submit additional information for another search. *See* Poellot Decl. Ex. A.

**Response**: The statement in paragraph 85 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 85 is undisputed for purposes of this motion.

86.     On or around July 23, 2018, IRAP appealed USCIS's adverse determinations dated May 1, 2018 and May 10, 2018, explaining, among other things, that USCIS was obligated to search WRAPS as requested yet had offered no indication that it had done so. *See* White Decl. Ex. E, ECF No. 38-5, at 2.

**Response**: The statement in paragraph 86 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject

to this objection, the statement in paragraph 86 is undisputed for purposes of this motion to the extent it describes IRAPs position. The statement is disputed to the extent it is intended to suggest that all records in WRAPS—a database owned and maintained by DOS, to which USCIS has only limited access—are agency records of USCIS. Supp. Ingraham Decl. ¶¶ 8, 11-12. Not all records in WRAPS are accessed or used by USCIS. *Id.* ¶ 12; Ruppel Decl. ¶ 5. USCIS also notes that IRAP sought and obtained the requested WRAPS records from DOS. *See* Stein Decl. ¶¶ 11-12, Ex. D.

87.     In a letter dated July 26, 2018, USCIS granted IRAP's appeal and remanded the request to USCIS's National Records Center for a further search. *See* Poellot Decl. Ex. B.

**Response**: The statement in paragraph 87 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 87 is undisputed for purposes of this motion.

88.     In a letter dated December 11, 2018, USCIS reported that it had completed a search of its Central Index System and Person Centric Query System and that no records responsive to IRAP's request were located. *See* White Decl. Ex. F, ECF No. 38-6, at 2.

**Response**: The statement in paragraph 88 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 88 is undisputed for purposes of this motion.

89.     USCIS advised, "We believe the records you are seeking would be under the purview of the U.S. Department of State." *See* White Decl. Ex. F, ECF No. 38-6, at 2.

**Response**: The statement in paragraph 89 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 89 is undisputed for purposes of this motion.

90.    USCIS again invited IRAP to file an administrative appeal. *See* White Decl. Ex. F, ECF No. 38-6, at 2.

**Response**: The statement in paragraph 90 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 90 is undisputed for purposes of this motion.

91.    On or around March 11, 2019, IRAP appealed USCIS's decision dated December 11, 2018 and reiterated its request that USCIS search WRAPS. *See* White Decl. Ex. G, ECF No. 38-7, at 2.

**Response**: The statement in paragraph 91 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 91 is undisputed for purposes of this motion.

92.    By letter dated March 13, 2019, USCIS "affirm[ed] the decision of the National Records Center" based on its "understanding that . . . the National Records Center responded to

[IRAP's] request by informing [IRAP] no records responsive to [IRAP's] request were located."
White Decl. Ex. H, ECF No. 38-8, at 2.

**Response**: The statement in paragraph 92 is immaterial because it has no bearing on whether
USCIS is legally required under FOIA to process and release the records maintained in WRAPS
pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records
maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject
to this objection, the statement in paragraph 92 is undisputed for purposes of this motion.

93.     USCIS informed IRAP that it "may submit a new request to the National Records
Center for [the] complete file." White Decl. Ex. H, ECF No. 38-8, at 2.

**Response**: The statement in paragraph 93 is immaterial because it has no bearing on whether
USCIS is legally required under FOIA to process and release the records maintained in WRAPS
pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records
maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject
to this objection, the statement in paragraph 93 is undisputed for purposes of this motion.

94.     USCIS has since admitted that it did not search WRAPS. *See* White Decl. ¶ 9, ECF
No. 38.

**Response**: The statement in paragraph 94 is immaterial because it has no bearing on whether
USCIS is legally required under FOIA to process and release the records maintained in WRAPS
pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records
maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further,
the assertion in paragraph 94 mischaracterizes USCIS's statements. Subject to these objections,
the statement in paragraph 94 is undisputed to the extent that USCIS did not search WRAPS in

response to IRAP's FOIA request in this case. USCIS notes, however, that IRAP requested and received the requested WRAPS records from DOS. *See* Stein Decl. ¶¶ 11-12, Ex. D.

95.    To date, USCIS has produced no records in response to IRAP's request. *See* Poellot Decl. ¶ 20.

**Response**: The statement in paragraph 95 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Subject to this objection, the statement in paragraph 95 is undisputed for purposes of this motion. USCIS notes, however, that IRAP requested and received the requested WRAPS records from DOS. *See* Stein Decl. ¶¶ 11-12, Ex. D.

96.    The great majority of the documents produced by the State Department to IRAP contained withholdings marked with redactions. *See* Stein Decl. ¶¶ 7, 11, ECF No. 37 (reporting only 12 of 58 records released without redactions).

**Response**: The statement in paragraph 96 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 96 is disputed. As set forth in the Stein Declaration, 55 records, totaling 263 pages, were identified as responsive to IRAP's FOIA request. Twelve records were released in full, and 43 were released in part. Stein Decl., Ex. D. USCIS further notes that IRAP may challenge any withholdings administratively with DOS and ultimately seek judicial review of those withholdings.

97.     Three of the documents produced by the State Department were redacted completely. *See* Poellot Decl. ¶ 23.

**Response**: The statement in paragraph 97 is immaterial because it has no bearing on whether USCIS is legally required under FOIA to process and release the records maintained in WRAPS pertaining to J.D. to IRAP after DOS has already processed and released all non-exempt records maintained in WRAPS pertaining to J.D. to IRAP pursuant to a FOIA request from IRAP. Further, the statement mischaracterizes the cited evidence. Subject to these objections, the statement in paragraph 97 is disputed. As set forth in the Stein Declaration, 55 records, totaling 263 pages, were identified as responsive to IRAP's FOIA request. Twelve records were released in full, and 43 were released in part. Stein Decl., Ex. D. USCIS further notes that IRAP may challenge any withholdings administratively with DOS and ultimately seek judicial review of those withholdings.

Dated: April 7, 2021
      New York, New York

                                  AUDREY STRAUSS
                                  United States Attorney for the
                                  Southern District of New York
                                  *Attorney for Defendant USCIS*

By:    */s/ Danielle J. Levine*
                                    DANIELLE J. LEVINE
                                  Assistant United States Attorney
                                  86 Chambers Street, 3rd Floor
                                  New York, New York 10007
                                  Tel.:   (212) 637-2689
                                  Email: danielle.levine@usdoj.gov